EUGENE S. MATTHEWS, *et al.,* AS AND CONSTITUTING THE
RAILROAD COMMISSION, *et al.,* v. STATE, *ex rel.,*
ST. ANDREWS BAY TRANSPORTATION CO.

149 So. 648.
Opinion Filed August 2, 1933.
Rehearing Denied Sept. 21, 1933.

588

*Waller & Pepper* and *T. T. Turnbull*, for Plaintiffs in Error;

*Arthur G. Powell* (Atlanta, Georgia) and *W. J. Oven*, for Defendant in Error.

DAVIS, C. J.—Section 3 of Chapter 14764, Acts of 1931, provides that: "When any application for a certificate of public convenience and necessity has been heard by the Railroad Commission and denied, the Commission shall not entertain any further application covering the identical or similar routes, schedules and/or service until the expiration of six months from the date of such denial."

Relying upon the above section of the statutes the defendant in error, St. Andrews Bay Transportation Company, obtained from the Circuit Court of Leon County a peremptory writ of prohibition against the Florida Railroad Commission and Union Bus Company prohibiting the Railroad Commission from further considering an application of the Union Bus Company to engage as a common carrier of passengers and light express, for compensation, in motor vehicles, exclusively in interstate commerce between Marianna, Florida, and Dothan, Alabama, and return, two schedules a day each way.

The record shows that after a public hearing pursuant to Chapter 14764, Laws of Florida, Acts of 1931, and the tak-

ing of testimony, the Railroad Commission denied an application by the Union Bus Company for permission to extend its interstate carriage of passengers and light express for compensation in motor busses from Marianna, Florida, to Dothan, Alabama, and return, two schedules each way per day. The ground of the denial was that the application then considered did not appear to be exclusively an interstate application which by the authority of the rules of the Railroad Commission would be granted as a matter of course by the Commission, in view of which the Railroad Commission held that before such a certificate as then applied for could be granted the question of public convenience and necessity for extended intrastate service would have to be inquired into and determined.

Thereafter the Union Bus Company applied to the Federal Courts for a preliminary injunction against the Railroad Commission preventing them from interfering with the proposed operation embraced in the denied certificate. The Federal Court subsequently dismissed the bill on the ground that the decision of the question should first be sought in the tribunals of the State. Thereupon the Union Bus Company filed with the Railroad Commission an application for leave to amend its original application so as to show that the service proposed would be entirely interstate, would be conducted in one vehicle which would traverse only the highway between Marianna, Florida, and Dothan, Alabama, and would not participate in any manner in the intrastate business of the applicant East of Marianna in Florida, or elsewhere in Florida, and that such vehicle as would be operated would be of a different weight and character.

The Railroad Commission granted the application for the amendment. Whereupon the amended application was set down by the Railroad Commission for a public hearing. At

the public hearing fixed by the Railroad Commission St. Andrews Bay Transportation Company, a competing carrier engaged in interstate commerce, as well as intrastate commerce, between Marianna, Florida, and Dothan, Alabama, appeared and objected to the consideration of the Union Bus Company's amended application on the ground that it was within the purview of Section 3 of the statute above referred to, which prohibited the Railroad Commission from entertaining any further application from the Union Bus Company covering the same routes, schedules or services theretofore dealt with by the Commission in its denial of the Union Bus Company's application.

The Railroad Commission took the objections under consideration and proceeded with a hearing on the so-called amended application.

Thereafter the St. Andrews Bay Transportation Company applied for and obtained its writ of prohibition against the Railroad Commission prohibiting the Commission from further proceeding to the hearing and determination of the Union Bus Company's amended application.

Our conclusion is that whether the second application of the Union Bus Company be considered as a proper amendment allowed in the original proceeding before the Commission, or whether it be considered as an entirely new and distinct application from the former one, that the substance of the application last filed is not such that it can be held within the purview of Section 3 of Chapter 14764 as covering the identical or similar routes, schedules and services involved in the previously denied application. This being true, it follows that the judgment of the Circuit Court awarding a writ of prohibition absolute against the Railroad Commission with respect to the second application was erroneous and should be reversed with directions to enter final judgment in the cause in favor of the respondents.

An application by a motor carrier for a permit to carry on a transportation business which is to be exclusively interstate in character is not to be deemed barred from consideration by reason of Section 3 of Chapter 14764 merely because the same carrier has previously been denied an application for a certificate of public convenience and necessity because of a failure to justify any intrastate convenience and necessity for the service proposed in the application first denied.

An order of the Railroad Commission made pursuant to Chapter 14764, Acts of 1931, while quasi-judicial in character, is not *res adjudicata* of another application of exactly the same nature subsequently filed. Every promulgated order of an administrative tribunal, such as is the Railroad Commission, may be superseded by another order. Likewise the Commission has the power to modify, and, indeed, it is its duty to modify, its pre-existing orders, when new evidence is presented which warrants a change. And so it is, that the Commission is possessed of power, inherent from the nature of the administrative functions it is required to perform under the statute, to grant a rehearing of its decisions in appropriate cases. Tagg Brothers & Moorhead v. United States, 280 U. S. 420, 74 L. Ed. 524, 50 Sup. Ct. Rep 220.

It was evidently to restrain promiscuous successive applications of the same character and substance from being filed with the Railroad Commission under the rule that would otherwise be applicable, if there were no statutory restraint on such procedure, that Section 3 of Chapter 14,-764 was enacted.

And insofar as that section is applicable in particular cases, it is our view that compliance with Section 3 of Chapter 14764 may be enforced by a proceeding before the Circuit Court, through appropriate processes directed by the

Circuit Court to the Railroad Commission, when the benefit of that section of the statute is once properly invoked by a party of record to an application that has been once presented and denied, but as to which a subsequent new application of the same substance, by the same applicant, is presented within the prohibited time.

Reversed with directions.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—I concur except as to the last paragraph of the above opinion. I am not clearly convinced that the Circuit Court is vested with power to issue writs of prohibition to the Railroad Commissioners. Such writs are issued by superior tribunals to inferior tribunals. In view of Section 35 of Art. V of the Constitution, it may be that, as to the judicial or quasi-judicial powers vested in the Railroad Commission the latter is not inferior to the Circuit Court, whose powers are vested by Section 11 of the same Article. Furthermore, I do not deem the decision of this question essential here. If it had to be decided, I am inclined to the view expressed by Chief Justice DAVIS, but I am not entirely free from doubt on that point. Otherwise, I concur fully.