ERVIN, Justice.
Petitioner, a certified carrier, seeks review of an order of the Florida Public Utilities Commission entered on February 8,. 1965 denying Petitioner’s motion to dismiss-an application of McKenzie Tank Lines,, Inc. The latter company filed the application on October 28, 1964 seeking an extension of its certificate of public convenience and necessity to authorize transportation by it of phosphate, phosphates, phosphate rock,, products and by-products in bulk from points in Hillsborough or Polk counties to all points in Florida. The Commission set the application for hearing on January 25, 1965.
On January 5, 1965 Petitioner filed with the Commission its motion to dismiss said application because on December 21, 1964 the Commission denied a similar application of Fleet Transport Company of Florida for an extension of its certificate of public convenience and necessity to authorize the transportation by it (Fleet Transport Company of Florida) of phosphate rock and phosphate products from all points in Polk and Hillsborough counties, Florida, to Hills- *466 borough County over irregular routes at irregular intervals.
Petitioner holds authority from the Commission to transport phosphate, including phosphate rock, phosphates, phosphate products and by-products in bulk from all of the areas applied for by the other applicants.
Based on the foregoing factual situation, the Petitioner predicated its motion to dismiss upon F.S. § 323.03(3), F.S.A., which reads as follows:
“Common carriers; certificate of convenience required.—
(3) Disposition of Application. At the time specified in said notice, or at such time as may be fixed by the commission, a public hearing upon said application shall be held by the commission. At or after such hearing the commission may issue a certificate of public convenience and necessity, as prayed for or refuse to issue the same, or may issue the same with modifications, or upon such terms and conditions as in its judgment the public convenience and necessity may require ; provided, that the commission in granting any such certificate shall take into consideration the effect that the granting of such certificate may have upon transportation facilities within the territory sought to be served by said applicant, and also the effect upon transportation as a whole within said territory.
“When any application for a certificate of public convenience and necessity has been heard by the commission and denied, the commission shall not entertain any further application covering the identical or similar routes, schedules or service until the expiration of six months from the date of such denial.
“When application is made by a motor carrier for a certificate to operate as a common carrier in a territory or on a line already served by a certificate holder, the commission shall grant same only when the existing certificate holder or holders serving such territory fail to provide service and facilities which may reasonably be required by the commission.”
Petitioner relies upon the second paragraph of the foregoing quoted section in support of its motion.
Our study of the statute and the prior construction of it by this Court indicate the order of the Commission should be sustained.
Read in connection with all of the language of F.S. § 323.03, F.S.A., the paragraph in § 323.03(3) prohibiting the Commission from entertaining during a six-month period any further application covering the identical or similar routes, appears to refer to a further application by the same applicant whose prior application had been denied within six months immediately preceding a second application.
The Court in Matthews v. State ex rel. St. Andrews Bay Transp. Co., 111 Fla. 587, 149 So. 648, directly held as follows:
“[2-4] An order of the railroad commission made pursuant to chapter 14764, Acts of 1931, while quasi judicial in character, is not res adjudicata of another application of exactly the same nature subsequently filed. Every promulgated order of an administrative tribunal, such as is the railroad commission, may be superseded by another order. Likewise the commission has the power to modify, and, indeed, it is its duty to modify, its pre-existing orders, when new evidence is presented which warrants a change. * * * ”
Thereafter, in the opinion in Matthews v. State ex rel. St. Andrews Bay Transp. *467 Co., supra, the Court by way of obiter dicta stated:
“[5] And in so far as that section is applicable in particular cases, it is our view that compliance with section 3 of chapter 14764 [F.S. § 323.03, F.S.A.] may be enforced by a proceeding before the circuit court, through appropriate processes directed by the circuit court to the railroad commission, when the benefit of that section of the statute is once properly invoked by a party of record to an application that has been once presented and denied, but as to which a subsequent new application of the same substance, by the same applicant, is presented within the prohibited time.”
Under Petitioner’s construction of the prohibition in the statute, the denial by the Commission of any application by any motor carrier — regardless how ill-advised, illogical, or all-inclusive in scope as to routes, schedules or services the application might be — would prohibit the entertainment by the Commission of any subsequent application by any other motor carrier for a period of six months from the original denial and for such additional time as conceivably would be consumed in thereafter processing a subsequent application. Under this construction not one single application could be filed by any motor carrier seeking to perform any type of transportation service embraced in the collaterally denied application until the expiration of six months from the date thereof, despite the fact the public might be in dire need of the particular transportation services sought in the subsequent application.
A statute should be construed to comport with the constitution if it is susceptible of more than one construction. The statute under consideration can be sustained pursuant to the construction we have accorded it. While we do not pass directly upon the following phase of the matter, we would have serious doubts as to the constitutionality of the second paragraph of F.S. § 323.03(3), F.S.A., if it were necessary to construe it in the manner Petitioner contends. To deny all motor carriers the opportunity of having their applications for particular certificates of convenience and necessity entertained and heard by the Commission for a period of six months because another applicant had its application denied which covered the identical or similar routes, schedules or service, poses grave questions of due process and equal protection of law. Other motor carriers not parties to the denied application and who were not heard concerning their particular applications and proposals would under Petitioner’s construction of the statute nevertheless be denied consideration of their applications for the six months’ period.
The petition is denied.
ROBERTS, DREW and CALDWELL, JJ-, concur.
THOMAS, Acting C. J., dissents.