MATHIS, et al v. PURDY, Sheriff, et al.
No. 72-16180.
Circuit Court, Dade County.
December 19, 1973.

Steven J. Wisotsky and Roger Schindler, Legal Services of Greater Miami, Inc., for the plaintiffs.

Stuart L. Simon, County Attorney, Jon Gordon, Assistant County Attorney, and Stephen V. Rosin, Assistant Attorney General, for the defendants.

JOHN GALE, Circuit Judge.

This cause came on for hearing upon the plaintiffs' motion for summary judgment. The suit was filed as a class action by Jerome and Louise Mathis, husband and wife, on behalf of themselves and all others similarly situated. The suit challenges the constitutionality of Florida Statute 222.06 insofar as it authorizes the sheriff of Dade County, or his subordinates in the civil process bureau of the Dade County Public Safety Department, to take the property of a judgment debtor pursuant to a writ of execution without providing said judgment debtor an opportunity for a hearing on the issue of his entitlement to the $1,000 personal property exemption provided by Article X, §4(a)(2) of the Florida Constitution of 1968. The statute is alleged to violate procedural due process of law and the foregoing provision of the Florida Constitution.

After the entry of summary judgment in favor of the plaintiffs, the defendants filed a motion for clarification. The parties have agreed upon the necessary terms of clarification, as reflected herein.

### Findings of fact

Plaintiffs, Jerome and Louise Mathis are judgment debtors of the Atlantic Loan Company of Dade, pursuant to a final judgment entered in the civil court of record in and for Dade County, Case No. 72-1401. Thereafter, a writ of execution was obtained by the judgment creditor, and an agent or employee of the civil process bureau of the Dade County Public Safety Department made a

demand for satisfaction of the writ at the residence of the plaintiffs. The writ was not satisfied, but remains outstanding and subject to future execution upon demand of the judgment creditor.

After demand for satisfaction of the writ was made, plaintiff, Jerome Mathis attempted to file an affidavit of exemption pursuant to Florida Statute 222.06. The affidavit stated that he was and is the head of a family, and therefore entitled to have $1,000 worth of personal property be exempt from execution as provided by Article X, §4(a)(2) of the Florida Constittuion of 1968. The affidavit contained an inventory of his personal property, and showed that the whole of his personal property had a fair market value of $878. The defendant's authorized agent refused to accept the plaintiff's affidavit, and returned it to counsel for the plaintiffs because of his "interpretation of F.S. 222.06 that this type of affidavit should be executed after levy."

Upon the deposition of the chief of the civil process bureau, he defined the word "levy" to mean "a seizure or a taking control of" the property in question. (Deposition at page 11). The chief of the civil process bureau further stated that if the judgment creditor insists upon execution, the personal property of the plaintiffs will be physically removed from their home. (Deposition at pages 26-27). Only after the property is taken may the debtor file his affidavit of exemption with the civil process bureau. At that time, the judgment creditor has 24 hours in which to file a notice of contest denying the exemption in whole or part. If the notice of contest is filed, return of the debtor's property would have to await judicial determination.

None of the foregoing facts is contested. There being no dispute as to any material fact, this case is ripe for disposition by final summary judgment.

### Findings of law

The gravamen of plaintiffs' complaint is that Florida Statute 222.06 is unconstitutional in that it permits a judgment creditor to require the sheriff or his representative to physically seize and remove property which may be exempt from execution, without an opportunity for a hearing as to whether such property is in fact exempt.

The Supreme Court of Florida stated emphatically the importance of preserving intact a judgment debtor's exemptions in Hall v. First National Bank of Marianna, 84 So. 190 (1920), at page 192 —

> "The homestead right is not limited to a mere holding of the legal title to the exempt property 'from forced sale;' it contemplates and includes the beneficial, peaceful, and

*uninterrupted use and enjoyment of such property.* Such right is superior to the claims of creditors. The policy of the law conferring it is to preserve the home for the family even at the sacrifice of just demands and to protect the family from destitution and want." (Italics added.)

Thus, the constitutional exemption from forced sale encompasses more than mere legal ownership — it guarantees the right of the judgment debtor to retain possession of the property in the home, and to make beneficial use and enjoyment of it.

Due process of law also guarantees the right of the judgment debtor to continue in the uninterrupted use and possession of his property. As the U.S. Supreme Court said in Fuentes v. Shevin, 32 L.Ed.2d 556, 569 (1972), the meaning of procedural due process has been clear for more than a century — "Parties whose rights are to be affected are entitled to be heard . . . ," quoting Baldwin v. Hale, 68 U.S. 223, 233 (1864). The opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965). And if the opportunity for a meaningful hearing means anything, it "requires an opportunity for a hearing *before* the state authorizes its agents to seize property in the possession of a person upon the application of another." *Fuentes* at 570.

The primary reason for this requirement of a prior hearing "is to prevent unfair and mistaken deprivations of property . . ." *Id.* at 579. Thus, it was stated in Boddie v. Connecticut, 401 U.S. 371, 378-79 (1970), that "the root requirement" of due process is that "an individual be given an opportunity for a hearing before he is deprived of any significant property interest . . ."

The application of this latter principle is illustrated by numerous cases in which the courts have struck down statutes which operate to deprive persons of liberty or property without a prior hearing. Thus, the courts have declared unconstitutional under the due process clause the pre-judgment garnishment of wages, Sniadach v. Family Finance Corporation, 395 U.S. 337 (1969); the pre-judgment replevin of property, Fuentes v. Shevin, supra; the termination of welfare benefits without a prior hearing, Goldberg v. Kelly, 397 U.S. 254 (1970); the suspension of a driver's license without a prior hearing, Bell v. Burson, 402 U.S. 535 (1971); the withholding of a tenant's property under distress for rent statutes, Klim v. Jones, 315 F. Supp. 109 (N.D. Cal. 1970); Santiago v. McElroy, 319 F. Supp. 284 (E.D. Pa. 1970); Barber v. Rader, Case No. 71-628-Civ-CF (S.D. Fla. June 15, 1972) (three-judge court); Hall v. Garson, 430 F.2d 430 (5th Cir. 1970); and eviction without prior hearing of a tenant from a publicly subsidized housing project, Caulder v. Durham Housing Authority, 433 F.2d 998 (4th Cir. 1970).

The constitutional requirement of a prior hearing is not obviated by the fact that the judgment debtor may regain his property after it is taken from him. Thus, in Fuentes v. Shevin, the Supreme Court rejected the contention that due process was not violated by pre-judgment replevin because the defendant could regain possession by filing a bond or waiting until hearing. The court stated that "it is now well settled that a temporary non-final deprivation of property is nonetheless a 'deprivation' in the terms of the Fourteenth Amendment." *Id.* at 572.

Similarly, the requirement of a prior hearing is not eliminated by the fact that a debtor wrongfully deprived of his property may obtain a judgment for damages. The Supreme Court Stated in the *Fuentes* case, 32 L.Ed.2d at page 570 —

> "If the right to notice and a hearing is to serve its full purpose, then it is clear that it must be granted at a time when the deprivation can still be prevented. At a later hearing, an individual's possession can be returned to him if it was unfairly or mistakenly taken in the first place. Damages may even be awarded to him for the wrongful deprivation. But no later hearing and no damage award can undo the fact that the arbitrary taking that was subject to the right of procedural due process has already occurred. 'This court has not . . . embraced the general proposition that a wrong may be done if it can be undone.' Stanley v. Illinois, 31 L.Ed.2d 551, 556."

In light of the foregoing cases and principles, it is clear that the judgment debtor must be afforded a prior opportunity to file his affidavit of exemption before any taking of his property occurs. Not only is this required by due process of law, it is necessary to fully implement the policy underlying the Florida homestead head-of-family exemption. That policy is designed to afford the debtor and his family a minimum of security and to insulate them against the shock of a sudden economic catastrophe. That policy is obviously disserved by a statute which permits a private creditor to take a man's property out of his household without a prior hearing, notwithstanding that the property may be totally exempt from execution.

The courts should, if at all possible, interpret statutes to be consistent with constitutional guidelines. Redwing Carriers, Inc. v. Mason, 177 So.2d 465, 467 (Fla. 1965) ; State, ex rel. Shellman v. Norvell, 270 So.2d 417, 419 (Fla. 4th Dist. 1972). The court therefore interprets Florida Statute 222.06 in light of the above cited principles and cases to require the defendants to afford judgment debtors the opportunity to claim the $1,000 personal property exemption prior to levy.

In consideration of the foregoing, it is ordered and adjudged —

That this court has jurisdiction over the subject matter of this action and the parties thereto.

That for the purpose of this action, the class of plaintiffs consists of all judgment debtors in the state of Florida.

That in order to effectuate the head-of-family personal property exemption provided by Article X, §4(a)(2) of the Florida Constitution and rights of procedural due process of law, the defendants shall comply with the procedures set forth below —

a. The sheriff of Dade County, the chief of the civil process bureau, or their authorized agents, shall be required to accept a debtor's affidavit of exemption and inventory of personal property, as described in Florida Statute 222.06, any time after the entry of final judgment. Upon the receipt of said affidavit and inventory, the defendants shall refrain from levying upon any personal property claimed to be exempt therein.

b. Upon receipt of any writ enumerated in Florida Statute 222.06(1), the defendants shall deliver a copy of said affidavit and inventory of personal property to the creditor, his attorney or agent, who shall have 24 hours in which to file a notice of contest.

c. If a notice of contest be filed, the defendants shall comply with the procedures set forth in Florida Statutes 222.06(4), (5) and (6).

This court shall retain jurisdiction of this action for the purpose of implementing and enforcing the foregoing order.