511 So.2d 989 (1987)
Paul THOMSON, et al., Petitioners,
v.
DEPARTMENT OF ENVIRONMENTAL REGULATION, Respondent.
No. 69,483.
Supreme Court of Florida.
September 3, 1987.
Robert A. Routa of Roberts, Egan & Routa, P.A., Tallahassee, for petitioners.
E. Gary Early, Asst. Gen. Counsel, Dept. of Environmental Regulation, Tallahassee, for respondent.
GRIMES, Justice.
The First District Court of Appeal affirmed an administrative order in which the *990 Department of Environmental Regulation (DER) denied the petitioners' (Thomsons') application for a construction permit. Thomson v. Department of Environmental Regulation, 493 So.2d 1032 (Fla. 1st DCA 1986). Pursuant to article V, section 3(b)(3), Florida Constitution, we accepted jurisdiction because of apparent conflict with Matthews v. State ex rel. St. Andrews Bay Transportation Co., 111 Fla. 587, 149 So. 648 (1933).
The Thomsons own land which lies east of the Intracoastal Waterway in Palm Beach County. In connection with a restaurant project under construction, they applied to DER for a permit to construct an octagonal platform dock and walkway over submerged lands. The submerged lands were privately owned by the Thomsons but were part of the Loxahatchee River-Lake Worth Creek Aquatic Preserve.
By letter dated October 14, 1983, DER communicated its intent to deny the application because the proposed structure would be located over seagrass beds and the resultant shade would adversely affect the existing seagrasses and water quality. The letter concluded with a notice of the right to an administrative hearing pursuant to section 120.57, Florida Statutes (1983). On October 27, 1983, after receipt of DER's letter of intent to deny the application, the Thomsons' engineering firm contacted Donald Deis of DER's Southeast Florida District Office to request permission to submit additional information and minor modifications. Mr. Deis stated that "DER would put a hold on the application and delay the proceedings to allow for the submission of such additional information and minor modifications." On October 28, 1983, the engineering firm hand-delivered a letter to DER in Tallahassee advising that the firm intended to submit modifications which might have a bearing on DER's decision to deny the application.
Notwithstanding, DER issued a final order on November 7, 1983 denying the permit application and incorporating by reference the findings and conclusions recited in its notice of intent to deny because the Thomsons never sought an administrative hearing. The final order was accompanied by a letter of transmittal in which DER indicated that it had reviewed the application and found no minor modifications that would make the application permissible, but that DER would review the engineering firm's "future ideas and changes in a preapplication mode and comment on their potential permissibility." The engineers were further advised to contact Donald Deis of the Southeast Florida District Office if they had any questions.
Several weeks later, the Thomsons filed another application with DER for a permit to construct a modified version of the proposed dock and walkway. The design had been reconfigured and relocated to the extent that none of the structure passed over the location of the seagrasses. The application was accompanied by a report conducted by an environmental specialist indicating that the proposed modified structure would also minimize the shadows on existing seagrass beds. On March 9, 1984, DER once again gave notice of its intent to deny the second application. The notice indicated that DER found the second proposal was not significantly different from the first proposal in area coverage, water quality impacts and expected habitat destruction. In addition, the notice stated that based on the November 7 final order, DER regarded the first proposal res judicata as to the second proposal. The reason recited by DER for the second application denial was that the resultant shading by the structure was expected to affect marine soils and eliminate the potential for seagrass growth in the area. The notice further indicated that the Thomsons could again seek an administrative hearing under section 120.57, Florida Statutes (1983), except that any petition for a hearing "should address the res judicata aspects of this denial."
On March 12, 1984, the Thomsons petitioned DER for a formal administrative hearing pursuant to section 120.57, Florida Statutes (1983), alleging disputed issues of fact concerning the impact of the structure. On March 27, 1984, DER issued a Procedural Order denying the petition for a formal hearing, but granting an informal *991 hearing pursuant to section 120.57(2), Florida Statutes (1983). In its order, DER indicated that the merits of the second application had already been ruled on by the first application denial. The Thomsons filed a memorandum of law in opposition to the application of res judicata to their second permit application. However, on May 18, 1984, DER issued a final order denying the second application solely on the basis of res judicata. The Thomsons appealed to the First District Court of Appeal which, in a split decision, affirmed the denial of the permit application.
Much of the Thomsons' argument is directed toward whether they had a fair opportunity to be heard on their initial permit application which would be a condition precedent to the subsequent determination of res judicata. In all probability, this whole controversy could have been avoided if DER had not sent the Thomsons mixed signals. However, because the Thomsons never requested an administrative hearing or otherwise sought review of the denial of the permit, we cannot say that they were denied due process with respect to the first application.
The remaining question is whether DER could summarily deny the second application on the grounds of res judicata. In Matthews v. State ex rel. St. Andrews Bay Transportation Co., 111 Fla. 587, 149 So. 648 (1933), this Court said that even though a railroad commission's order of denial was quasijudicial in character, it was not res judicata of a subsequent application of exactly the same nature. Regardless of the court's valiant efforts in Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648 (Fla. 3d DCA 1982), to harmonize this statement with other authorities, it is clear that any precedential value that Matthews may yet have is limited in its application to orders of the now defunct railroad commission.
It is now well settled that res judicata may be applied in administrative proceedings. Wager v. City of Green Cove Springs, 261 So.2d 827 (Fla. 1972); City of Miami Beach v. Prevatt, 97 So.2d 473 (Fla. 1957), cert. denied, Wags Transportation System, Inc. v. Prevatt, 355 U.S. 957, 78 S.Ct. 543, 2 L.Ed.2d 532 (1958); Metropolitan Dade County Board of County Commissioners v. Rockmatt Corp., 231 So.2d 41 (Fla. 3d DCA 1970). Yet the principles of res judicata do not always neatly fit within the scope of administrative proceedings. Thus, K. Davis, Administrative Law Treatise, § 18.01, at 545-46 (1958), explains:
Courts normally apply law to past facts which remain static  where res judicata operates at its best  but agencies often work with fluid facts and shifting policies. The regularized procedure of courts conduces to application of the doctrine of res judicata; administrative procedures are often summary, parties are sometimes unrepresented by counsel, and permitting a second consideration of the same question may frequently be supported by other similar reasons which are inapplicable to judicial proceedings. The finality of unappealed judgments of courts is ordinarily well understood in advance, whereas statutory provisions often implicitly deny finality or fail to make clear whether or when administrative action should be considered binding.
Perhaps this is why the doctrine of res judicata is applied with "great caution" in administrative cases. City of Miami Beach v. Prevatt; Coral Reef Nurseries, Inc. v. Babcock Co. The proper rule in a case where a previous permit application has been denied is that res judicata will apply only if the second application is not supported by new facts, changed conditions, or additional submissions by the applicant. Doheny v. Grove Isle, Ltd., 442 So.2d 966, 976 (Fla. 1st DCA 1983).
Turning to the instant case, the primary reason given for the denial of the first application was that adverse environmental factors would be expected to result because the proposed structure was to be located over existing seagrass beds. However, on their second application, the Thomsons asserted that because of its revised configuration, the structure would no longer pass over the seagrasses. Denying the second application on grounds of res judicata, *992 DER concluded that no difference existed between the two because "the proposed roof, platform, and walkway will be located over and near marine bottom capable of supporting seagrasses." This constituted a shift of concern from existing seagrass beds to concern for areas where seagrass might be grown in the future, an issue which was not addressed in the first order denying the permit application. We reject DER's contention that the latter subject was subsumed within the following pro forma statement contained in the first notice of intent to deny:
Furthermore, your project will result in the following effects to such an extent as to be contrary to the public interest and the provisions of Chapter 253, F.S.:
The proposed activity would be expected to interfere with the conservation of fish and wildlife to such an extent as to be contrary to the public interest, and will result in the destruction of natural marine habitats, grass for marine life, and established marine soils suitable for producing plant growth of a type useful as nursery or feeding grounds for marine life.
In addition, the Thomsons were in a position to present an environmental study made after DER denied the first application which did not exist when the first application was considered.
Under the circumstances, we hold that the doctrine of res judicata cannot be fairly applied to deny the Thomsons' second application on its face. See Universal Construction Co. v. City of Fort Lauderdale, 68 So.2d 366 (Fla. 1953). The Thomsons are entitled to a formal hearing on their second application. If they can prove the facts asserted in the second application, the principle of res judicata shall not be applied and the application must be considered on its merits.
We quash the decision of the district court of appeal and direct that the case be remanded for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.