702 So.2d 290 (1997)
Irving MILLER and The Village of Pinecrest, Petitioners,
v.
Harry BOOTH and Dorothy Booth, Respondents.
METROPOLITAN DADE COUNTY, Petitioner,
v.
Harry BOOTH and Dorothy Booth, Respondents.
Nos. 97-2381, 97-922.
District Court of Appeal of Florida, Third District.
December 10, 1997.
*291 Baker & McKenzie and Anthony J. O'Donnell, Jr., Miami, for petitioners Irving M. Miller and The Village of Pinecrest.
Robert Ginsburg, Metropolitan Dade County Attorney, and Augusto Maxwell, Assistant County Attorney, for petitioner Metropolitan Dade County.
Zack, Sparber, Kosnitzky, Spratt & Brooks and Gary Brooks, Miami, for respondents.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
PER CURIAM.
The petitioners, Irving M. Miller, The Village of Pinecrest, and Metropolitan Dade County, seek writs of certiorari to the circuit court, appellate division. We grant the petitions.
We find that the circuit court, sitting in its appellate capacity, departed from the essential requirements of the law by reversing the Metropolitan Dade County, Board of County Commissioner's determination that the Booths' second application for rezoning was precluded by the doctrine of administrative res judicata.
"The doctrine [of administrative res judicata] is applicable to rulings or decisions of administrative bodies, and to rulings of such bodies dealing with zoning regulations unless it can be shown that since the earlier ruling thereon there has been a substantial change of circumstances relating to the subject matter with which the ruling was concerned, sufficient to prompt a different or contrary determination...." Metropolitan Dade County Bd. of County Comm'rs v. Rockmatt Corp., 231 So.2d 41, 44 (Fla. 3d DCA 1970) (citations omitted). Although the doctrine of administrative res judicata "should be applied in zoning cases with great caution," City of Miami Beach v. Prevatt, 97 So.2d 473, 477 (Fla.1957), cert. denied, 355 U.S. 957, 78 S.Ct. 543, 2 L.Ed.2d 532 (1958), the determination of whether a substantial change in circumstances has occurred, precluding the applicability of the doctrine, lies primarily within the discretion of the zoning authority itself. Gunn v. Board of County Comm'rs, Dade County, 481 So.2d 95 (Fla. 3d DCA 1986)(citing Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648, 651-54 (Fla. 3d DCA 1982)).
In the instant case, we find that the Board of County Commissioners acted within its discretion when it determined that a substantial change in circumstances had not occurred between the Booths' first application for rezoning and their second application. Therefore, the circuit court departed from the essential requirements of the law by reversing that determination.
*292 Accordingly, we grant the petitions and quash the order of the circuit court, thereby, reinstating the Board of County Commissioner's resolution denying the rezoning application.