PER CURIAM.
 

 Delray Medical Center, Wellington Regional Medical Center, and JFK Medical Center appeal the Agency for Health Care Administration’s grant of a Certificate of Need (“CON”) application to appellee, Bethesda Healthcare System, Inc., to establish a new satellite hospital, West Boyn-ton Community Hospital.
 
 [1]
 
 We affirm and write to discuss appellants’ claim that Bethesda’s CON application was barred by the doctrine of res judicata.
 

 Bethesda is a non-profit corporation operating a local healthcare system in the “Boynton Area” of South Palm Beach County. The Bethesda System includes Bethesda Memorial Hospital, Bethesda Health City, Inc., Bethesda Hospital Foundation, Inc., and other affiliated entities. Bethesda Memorial Hospital is a 390-bed general acute care hospital located in Boynton Beach.
 

 In 2003, Bethesda filed CON Application No. 9659 and JFK filed CON Application No. 9660 seeking approval to establish a satellite hospital in the West Boynton area. Bethesda’s CON Application sought to move 80-beds from its existing hospital to a satellite hospital in West Boynton, located within the same subdistrict. See
 
 Bethesda Healthcare Sys., Inc. v. Agency for Health Care Admin.,
 
 945 So.2d 574 (Fla. 4th DCA 2006)
 
 (Bethesda I).
 
 JFK’s CON Application sought to transfer beds from its facility in subdistrict 9-4 to sub-district 9-5 in West Boynton.
 
 Id.
 

 In June 2003, the Agency issued a preliminary approval of Bethesda’s application, but denied JFK’s application. After an administrative hearing, an administrative law judge issued a recommended order denying both the Bethesda and JFK CON applications. A final order denying both applications was issued by the Agency on March 7, 2005. This court affirmed the final order.
 
 See Bethesda I,
 
 945 So.2d at 574.
 

 On March 16, 2005, during the first “hospital beds and facilities” batching cycle of 2005, Bethesda filed CON Application No. 9838
 
 (Bethesda II).
 
 On June 17, 2005, the Agency issued a preliminary approval of the application. Delray, Wellington, and JFK challenged this preliminary approval and the three challenges were consolidated before the same administrative law judge. Thereafter, Delray filed a motion for summary recommended order denying Bethesda’s CON application which the judge denied. After a seven-week administrative hearing involving 350 exhibits and 74 witnesses, the judge issued a recommended order recommending approval of
 
 Bethesda II,
 
 making 622 specific findings of fact and drawing 32 conclusions of law. The Agency entered a final order adopting the recommended order, finding that competent substantial evidence supported the administrative judge’s findings of fact and conclusions of law. Delray, Wellington, and JFK appeal this final order.
 

 
 *29
 
 Appellants primarily contend that the second CON application was barred by res judicata or administrative finality. Outside the field of administrative law, res judicata means that
 

 [a] judgment on the merits rendered in a former suit between the same pax-ties or their privies, upon the same cause of action, by a coui-t of competent jurisdiction, is conclusive not only as to evei-y matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.
 

 Tyson v. Viacom, Inc.,
 
 890 So.2d 1205, 1209 (Fla. 4th DCA 2005) (quoting
 
 Kimbrell v. Paige,
 
 448 So.2d 1009, 1012 (Fla.1984) (quoting
 
 Wade v. Clower,
 
 94 Fla. 817, 114 So. 548 (1927))).
 

 The Florida Supreme Court has recognized that the legal principles of res judicata do not “neatly fit within the scope of administrative proceedings,” so that the doctrine is applied there with “great caution.”
 
 Thomson v. Dep’t of Envtl. Regulation,
 
 511 So.2d 989, 991 (Fla.1987). As the supreme court observed in
 
 Thomson,
 

 [cjourts noi-mally apply law to past facts which remain static-where res judicata operates at its best — but agencies often woi'k with fluid facts and shifting policies. The regularized procedure of courts conduces to application of res ju-dicata; administrative procedures are often summary, parties are sometimes unrepresented by counsel, and permitting a second consideration of the same question may frequently be supported by other similar reasons which are inapplicable to judicial proceedings. The finality of unappealed judgments of courts is ordinarily well understood in advance, whereas statutory provisions often implicitly deny finality or fail to make clear whether or when administrative action should be considered binding.
 

 Id.
 
 (quoting K. Davis, Administrative Law Treatise § 18.01, at 545-46 (1958)). Unlike the typical court case decided “on relatively fixed principles of law for the principal purpose of settling the rights of the parties ... the actions of administrative agencies are usually concerned with deciding issues according to a public interest that often changes with shifting circumstances and passage of time.”
 
 Peoples Gas Sys., Inc. v. Mason,
 
 187 So.2d 335, 339 (Fla.1966).
 

 In the field of administrative law, the counterpart to res judicata is administrative finality.
 
 See Fla. Power Corp. v. Garcia,
 
 780 So.2d 34, 44 (Fla.2001);
 
 Metro. Dade County Bd. of County Comm’rs v. Rockmatt Corp.,
 
 231 So.2d 41, 44 (Fla. 3d DCA 1970). Florida courts do not apply the doctrine of administrative finality when there has been a significant change of circumstances or there is a demonstrated public interest.
 
 See Fla. Power
 
 &
 
 Light Co. v. Beard,
 
 626 So.2d 660 (Fla.1993);
 
 Univ. Hosp., Ltd. v. Agency for Health Care Admin.,
 
 697 So.2d 909, 912 (Fla. 1st DCA 1997) (citing
 
 Thomson,
 
 511 So.2d at 991 (“[R]es judicata cannot bar a subsequent application for a permit if the second application is ‘supported by new facts, changed conditions, or additional submissions by the applicant.’ ”));
 
 see also Garcia,
 
 780 So.2d at 44 (Fla.2001);
 
 Doheny v. Grove Isle, Ltd.,
 
 442 So.2d 966 (Fla. 1st DCA 1983). Further, the determination of whether a significant change in circumstances has occurred lies primarily within the discretion of the administrative agency.
 
 See, e.g., Miller v. Booth,
 
 702 So.2d 290 (Fla. 3d DCA 1997);
 
 Gunn v. Bd. of County Comm’rs,
 
 481 So.2d 95 (Fla. 3d DCA 1986).
 

 We disagree with appellants’ contention that Bethesda’s second applica
 
 *30
 
 tion should have been summarily denied based on administrative finality. This case is controlled by
 
 Thomson v. Department of Environmental Regulation,
 
 511 So.2d 989, 991-92 (Fla.1987). In that case, faced with similar applications, the Florida Supreme Court focused on the differences between the two applications and held that res judi-cata “cannot be fairly applied to deny ... a second application on its face” and that the applicant is “entitled to a formal hearing on their second application” to present “new facts, changed conditions, or additional submissions.” (citing
 
 Univ. Constr. Co. v. City of Fort Lauderdale,
 
 68 So.2d 366 (Fla.1953);
 
 Doheny v. Grove Isle, Ltd.,
 
 442 So.2d 966, 976 (Fla. 1st DCA 1988));
 
 cf. Glidden v. Dep’t of Juvenile Justice,
 
 870 So.2d 962 (Fla. 1st DCA 2004). Florida favors administrative hearings to develop and flesh out the differences between successive administrative applications.
 

 In fact, competent and substantial-evidence at the administrative hearing supported the administrative law judge’s conclusion that there had been substantial changes in material circumstances between the two applications.
 

 First, because of the repeal of a crucial administrative rule, the legal framework for the second application was different than the one applied in the first application. Florida Administrative Code Rule 59C-1.038 was repealed effective April 21, 2005. The repeal of this rule
 

 eliminated the Agency’s methodology for determining need for new acute care beds, but it did not undermine the general proposition that “need” is the polestar of CON law. In the absence of the methodology in the acute care bed need rule, the determination of “need” for new acute care beds must be made based upon a balanced consideration of the statutory criteria in section 408.035, Florida Statutes, and the criteria in Florida Administrative Code 59C-1.008(2)(e)2, which provides:
 

 If no agency policy [upon which to determine need for the proposed beds or service] exists, the applicant will be responsible for demonstrating need through a needs assessment methodology which must include, at a minimum, consideration of the following topics, except where they are inconsistent with the applicable statutory or rule criteria:
 

 a. Population demographics and dynamics;
 

 b. Availability, utilization and quality of like services in the district, subdistrict or both;
 

 c. Medical treatment trends; and
 

 d. Market conditions.
 

 Manatee Mem’l Hosp. v. AHCA,
 
 Case No. 04-2723CON, 2005 WL 3733782 (Fla.Div.Admin.Hrgs. Dec. 1, 2005). Thus the repeal of the “bed need” rule altered the legal and evidentiary framework for assessing need for acute care hospital projects.
 

 In addition to the repeal of rule 59C-1.038, the administrative law judge made numerous factual findings supporting the conclusion that there had been significant changes of circumstances between
 
 Bethesda I
 
 and
 
 Bethesda II
 
 concerning (1) the operating and financial position of Wellington Regional; (2) population growth in southwestern Palm Beach county that “exceeded the population projections in
 
 Bethesda I;
 
 ” (3) the explosion of residential construction activity in the geographic area to be served by Bethesda’s proposed hospital and the area to the north surrounding Wellington Regional; (4) the growing and increasingly unpredictable traffic congestion in the West Boynton area and throughout Palm Beach County, due in large part to rapid population
 
 *31
 
 growth and planned traffic signal installations along major arterial roadways; (5) the increase since 2004 in “observation” patients, patients whose conditions do not qualify for inpatient admission, but who are not in a condition to be discharged; (6) the special needs of the elderly that are not adequately served because of emergency room overcrowding; (7) the support of Palm Beach Fire Rescue and the Sheriffs Office for Bethesda’s proposed hospital; (8) Bethesda’s proposal for a focused geriatric program that was not part of its earlier application, and (9) the 2004 and 2005 hurricanes which exposed the vulnerability of the local health care system in responding to the medical needs of a large population at times of natural disaster.
 

 The administrative law judge balanced the statutory and rule criteria, and found that the factors that supported the earlier denial did not carry as much weight as they did before. Competent, substantial evidence supports the conclusion that material changed circumstances existed, so that the doctrine of administrative finality does not bar Bethesda’s second application.
 
 See, e.g., Morton F. Plant Hosp. Ass’n, Inc. v. State,
 
 491 So.2d 586 (Fla. 1st DCA 1986);
 
 Heifetz v. Dep’t of Bus. Reg. Div. of Alcoholic Beverages,
 
 475 So.2d 1277, 1281-82 (Fla. 1st DCA 1985).
 

 We have considered the other points raised by appellants and find them to be without merit.
 

 GROSS, C.J., POLEN, J., and GOLDENBERG, RENEE, Associate Judge, concur.
 

 [1]
 

 . Our affirmances in the JFK case, No. 4D07-3527, and the Wellington case, number 4D07-3528, are being issued at the same time as this opinion.