DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JEANNE EMIDDIO,**
Appellant,

v.

**FLORIDA OFFICE OF FINANCIAL REGULATION,**
Appellee.

No. 4D13-723

[September 3, 2014]

Appeal from the State of Florida, Office of Financial Regulation; L.T. Case No. 1219-FR-5/11.

H. Richard Bisbee and Dannie L. Hart of H. Richard Bisbee P.A., Tallahassee, for appellant.

Pamela Jo Bondi, Attorney General, Allen Winsor, Solicitor General, and Diane G. DeWolf, Deputy Solicitor General, Tallahassee, for appellee.

FORST, J.

Appellant Jeanne Emiddio appeals the administrative order of Appellee Florida Office of Financial Regulation ("OFR"), denying her application for a loan originator license because she had been convicted of felonies involving crimes of fraud. Appellant maintains that, under the doctrines of *res judicata* and collateral estoppel, OFR cannot now deny her a loan originator license because of her prior convictions where it previously determined that the convictions did not warrant the revocation of her previous mortgage broker's license. We disagree and affirm.

**Background**

Appellant had been a licensed mortgage broker since 1993. In 2002, she entered a plea of *nolo contendere* and was adjudicated guilty of one count of organized fraud less than $20,000, one count of false statement for public aid, and four counts of Medicaid provider fraud. These convictions were not related to Appellant's practice as a mortgage broker, and Appellant has never been the subject of a customer complaint or

disciplinary action in regards to her practice.

As a result of her convictions, OFR sought to revoke her mortgage broker's license. At the time, section 494.0041(2)(a), Florida Statutes (2004), provided for discretionary disciplinary action against any mortgage broker who pled *nolo contendere* to a crime involving fraud. The disciplinary actions that could be taken included revocation of a license, suspension of a license, and placement on probation. § 494.0041(1), Fla. Stat. (2004).

An informal evidentiary hearing was held on the sole issue of whether Appellant's license should be revoked because of her convictions for crimes involving fraud. Appellant had multiple clients and friends testify on her behalf about her reputation for being an ethical professional. The hearing officer recommended that Appellant be permitted to retain her license and only be put on probation because she had demonstrated remorse for her actions and had shown that her dishonest actions in her personal life did not affect her honesty with her professional actions. The recommendation was adopted in a final order by OFR in 2004.

Appellant successfully renewed her license each biennium period since the date of the 2004 final order. In 2009, the Governor restored all of Appellant's civil rights, except the right to possess or own a firearm.

### Changes in the Law for Mortgage Broker Licensing

The federal government responded to the 2008 mortgage crisis by enacting the Secure and Fair Enforcement for Mortgage Licensing Act ("SAFE Act") to establish a Nationwide Mortgage Licensing System and Registry for the residential mortgage industry. 12 U.S.C. § 5101 (2008). The law created the term "loan originator" to encompass mortgage brokers and mortgage lenders, and it required all loan originators to apply through and be registered with the national system. 12 U.S.C. § 5102(4), (6). It also required each state to implement the SAFE Act's minimum standards or face federal intervention. 12 U.S.C. § 5107. The minimum standards for issuing a loan originator license included that an applicant "has not been convicted of, or pled guilty or nolo contendere to, a felony in a domestic, foreign, or military court—*at any time* preceding such date of application, if such *felony involved an act of fraud,* dishonesty, or a breach of trust, or money laundering." 12 U.S.C. § 5104(b)(2)(B) (emphasis added).

In 2009, the State of Florida amended Chapter 494, regarding regulation of the mortgage broker trade, to come in compliance with the

2

SAFE Act. § 494.001, Fla. Stat. (2009). The new provisions require all mortgage brokers to file *new* applications for licensure as "loan originators" through the national system since the previous mortgage broker licenses ceased to be valid licenses. § 494.001(14), Fla. Stat. (2010).

Section 494.0011, Florida Statutes (2010), empowers OFR to adopt rules for loan originator licensure in accordance with Chapter 494 and the SAFE Act. Section 494.0011(2)(c) states that the office may adopt rules:

> Establishing time periods during which a loan originator . . . or mortgage broker license applicant . . . is barred from licensure due to prior criminal convictions of, or guilty or nolo contendere pleas . . . regardless of adjudication.
>
> 1. The rules *must* provide:
>
> a. *Permanent bars* for felonies involving fraud, dishonesty, breach of trust, or money laundering[.]

(emphasis added).

OFR established Florida Administrative Code rule 69V-40.00112 to implement section 494.0011, Florida Statutes. Subsection (1) of the rule states, "As part of the application review process, the Office is required to consider a relevant person's law enforcement record when deciding whether to approve an application for licensure as a loan originator." Fla. Admin. Code R. 69V-40.00112(1). The rule provides that an applicant *is not eligible* for licensure if the applicant has ever committed a Class A crime. Fla. Admin. Code R. 69V-40.00112(3). "Class 'A' crimes include all felonies involving an act of fraud, dishonesty, or a breach of trust, or money laundering." Fla. Admin. Code R. 69V-40.00112(13).

### OFR's Application of New Laws to Appellant

Appellant timely filed her loan originator application through the national registry in December 2010 pursuant to the applicable statute because her last renewal was issued in 2009. In 2011, OFR served Appellant with a Notice of Intent to Deny Application for Loan Originator License, primarily because of her 2002 felony convictions involving fraud. Appellant petitioned for a formal hearing on the matter, but was granted only an informal hearing by OFR because the office found it was unclear whether disputed issues of fact existed. OFR issued an amended notice of

intent to deny Appellant's application, limiting the grounds solely to Appellant's 2002 convictions.

After some delay, an informal hearing was held. Both parties submitted various exhibits and Appellant testified on her own behalf. During the proceedings, Appellant maintained that the issue of whether her 2002 convictions should be grounds for revoking her license was the subject of the proceedings in 2004 and, therefore, *res judicata* and collateral estoppel would operate to preclude that issue from being litigated at the present hearing.

The hearing officer issued a detailed order, noting that Appellant's convictions were a result of a vulnerable time in her life and they did not affect or harm her clients. However, the officer recommended that Appellant's application for licensure be denied because the officer was "constrained by the law as it currently exists," which mandates that an applicant who has pled *nolo contendere* to a felony involving fraud is not eligible for a license. This recommended order was adopted in full in a final order by OFR.

## Neither *Res Judicata* nor Collateral Estoppel is Applicable

Although we affirm the final administrative order denying Appellant's application, we write to address two issues raised. "Our standard of review, where the facts are not in dispute and the administrative agency is interpreting the law, is to determine if the agency 'has erroneously interpreted a provision of law.'" *Fanizza v. State, Comm'n on Ethics*, 927 So. 2d 23, 26 (Fla. 4th DCA 2006) (quoting § 120.68(7)(d), Fla. Stat. (2002)).

Our Supreme Court has recognized that "the principles of res judicata do not always neatly fit within the scope of administrative proceedings" and should be applied with great caution. *Thomson v. Dep't of Envtl. Regulation*, 511 So. 2d 989, 991 (Fla. 1987). In *Thomson*, the Court held, "The proper rule in a case where a previous permit application has been denied is that res judicata will apply only if the second application is not supported by new facts, changed conditions, or additional submissions by the applicant." *Id.* Likewise, with collateral estoppel, the doctrine will not be applied if there is a change in circumstances creating a new issue to be litigated. *See Haskin v. Haskin*, 781 So. 2d 431, 432 (Fla. 4th DCA 2001); *Krug v. Meros*, 468 So. 2d 299, 303 (Fla. 2d DCA 1985) ("[W]e note that the doctrine of estoppel by judgment does not apply where unanticipated subsequent events create a new legal situation."). "[T]he determination of whether a significant change in circumstances has occurred lies primarily

within the discretion of the administrative agency." *Delray Med. Ctr., Inc. v. State Agency for Health Care Admin.*, 5 So. 3d 26, 29 (Fla. 4th DCA 2009).

In the instant case, the hearing officer correctly concluded that neither *res judicata* nor collateral estoppel bar OFR from deciding the issue before the court in 2012: whether Appellant's 2002 convictions make her ineligible for a loan originator license under the 2010 amendments to Chapter 494. Between 2009 and 2011, the Florida statutes and administrative rules regarding mortgage broker licensure underwent significant change in the wake of the 2008 mortgage crisis. Many of the previous statutes governing Appellant's mortgage broker license were amended or repealed and replaced with provisions in compliance with the federal SAFE Act. The hearing officer properly acted in her discretion to find that this was a significant change in circumstances, as well as an unanticipated subsequent event that created a new legal situation, to prevent the application of *res judicata* and collateral estoppel in Appellant's case. *Thomson*, 511 So. 2d at 991; *Delray Med. Ctr.*, 5 So. 3d at 29; *Krug*, 468 So. 2d at 303.

## Appellant's Reliance on *Kauk v. Department of Financial Services* was not Preserved

In support of her arguments, Appellant filed the recent opinion of one of our sister courts as supplemental authority. In *Kauk v. Department of Financial Services*, 131 So. 3d 805 (Fla. 1st DCA 2014), the First District was faced with the issue of whether OFR could impose a *per se* bar to licensure as an insurance agent in Florida for an applicant who was previously convicted of a felony involving a crime of fraud where OFR found that the applicant was fully rehabilitated and his civil rights had been restored. *Id.* at 806-08. The law that was applied to deny the applicant an insurance agent license operated the same as the law applied to deny Appellant's license in the instant case: "to permanently preclude the licensure of any applicant who commits a felony involving fraud." *Id.* at 807.

The First District relied on *Sandlin v. Criminal Justice Standards & Training Commission*, 531 So. 2d 1344 (Fla. 1988), to avoid finding the statute unconstitutionally overbroad:

> [T]he statute at issue in *Sandlin* barred from certification as a law enforcement officer any person who had been convicted of any felony or a misdemeanor involving perjury or a false statement. The *Sandlin* court refused to construe this statute

as imposing a per se bar against certification of a pardoned felon, reasoning that such a construction would render the statute an unconstitutional infringement on the executive's clemency power by diminishing the effect of a pardon. The court held that, because the Legislature is presumed to have intended a constitutional result when drafting any statute, the statute could not be read as imposing an absolute bar against certification of a pardoned felon. . . .

. . . .

. . . The *Sandlin* court recognized that persons seeking to practice certain professions or employments can be required to demonstrate their good moral character, even though they may have been fully pardoned for previous crimes. . . . The court emphasized that a licensing agency is permitted to deny a license to a pardoned felon when the serious character of the criminal conduct underlying his conviction justifies the decision. Ultimately, the court held that a licensing agency may take into account and rely on the facts underlying pardoned convictions and may give weight to the general policy expressed in a statute precluding licensure due to criminal convictions.

*Id.* at 808-09 (internal quotations and citations omitted). The First District further explained that it was constrained, by that court's prior precedent, to extend the rule in *Sandlin* to prevent a statute from imposing a *per se* bar against licensure of a felon whose civil rights have been restored, in addition to those who have received a full pardon. *Id.* at 809. The court's opinion notes that while "there may be wisdom in the distinction between one who has been pardoned and one who has had his civil rights restored . . . we are not at liberty to embrace such a distinction." *Id.* (citing *G.W. Liquors of Collier, Inc. v. Dep't of Bus. Regulation*, 556 So. 2d 464, 465 (Fla. 1st DCA 1990) (extending *Sandlin* to bar an automatic licensure rejection of convicted felons even without a full pardon)).

The *Kauk* opinion concluded that "*Sandlin* does not allow the denial of a license to a restored felon due to prior convictions when the licensing agency has made findings of complete rehabilitation and fitness to hold a license." *Id.* at 810. As such, the First District reversed the denial of the applicant's licensure and remanded for OFR to properly consider his application in light of its holdings. *Id.*

6

Based on the First District's analysis in *Kauk*, Appellant in the instant case attempts to raise the issue of whether the denial of her application constitutes an unconstitutional infringement on the executive's clemency power under article IV, section 8(a) of the Florida Constitution. However, Appellant raises this argument *for the first time* by filing *Kauk* as supplemental authority on appeal, and Appellant failed to raise any constitutional challenge in her initial brief. *See Stanton v. Fla. Dep't of Health*, 129 So. 3d 1083, 1085 (Fla. 1st DCA 2013) ("It is a well-established maxim of appellate practice that '[c]laims for which an appellant has not presented any argument . . . are insufficiently presented for review and are waived.'" (quoting *Hammond v. State*, 34 So. 3d 58, 59 (Fla. 4th DCA 2010))); *J.A.B. Enters. v. Gibbons,* 596 So. 2d 1247, 1250 (Fla. 4th DCA 1992) ("[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief."). Furthermore, a constitutional challenge based on an infringement on the executive's clemency power was never raised in Appellant's pleadings before the OFR hearing officer or at the informal hearing.[1]

As such, this argument has not been preserved for review and, accordingly, we may only review the issue for fundamental error. *Aills v. Boemi,* 29 So. 3d 1105, 1108-09 (Fla. 2010). The "application of an unconstitutional statute constitutes fundamental error, whereas unconstitutional application of an otherwise constitutional statute does not." *B.C. v. Dep't of Children & Families*, 864 So. 2d 486, 491 (Fla. 5th DCA 2004) (citing *Alexander v. State*, 450 So. 2d 1212, 1216 (Fla. 4th DCA 1984)).

**No Fundamental Error exists with OFR's**
**Denial of Appellant's Application for Licensure**

The First District's decision in *Kauk* avoided declaring a statute's *per se* bar against insurance agent licensure for felons convicted of crimes involving fraud as unconstitutional by presuming, in reliance on *Sandlin,*

---

[1] In Appellant's Petition for Formal Hearing as to OFR's Amended Notice of Denial, she challenged Chapter 2009-241, Laws of Florida (the amendments to Chapter 494, Florida Statutes), as "unconstitutional on its face and its effect to the extent it detrimentally affects [Appellant's] protected property interest in her professional employment" and asked the hearing officer to take official recognition of *Wilson v. Pest Control Commission of Florida*, 199 So. 2d 777 (Fla. 4th DCA 1967), and *Dubin v. Department of Business Regulation*, 262 So. 2d 273 (Fla. 1st DCA 1972), in support of that challenge. However, the hearing officer declined to address the constitutional argument, stating that it lacked authority as an executive agency officer to declare a statute or rule unconstitutional, and Appellant did not challenge that finding on appeal.

that the legislature intended that licensure could be granted for felons who have demonstrated rehabilitation and fitness to hold a license *and* whose civil rights have been restored under the governor's clemency power. Because the licensure statute in *Kauk* is substantially the same as the statute and administrative rule in the instance case, the holding in *Kauk* can be applied to find that the legislature did not intend for section 494.0011, Florida Statutes, or administrative rule 69V-40.00112 to have an unconstitutional result; thus, a *per se* bar against licensure for felons convicted of crimes involving fraud will be construed as to not apply to felons whose civil rights have been restored. These applicants will then be evaluated for their rehabilitation and fitness for licensure in light of the past conviction(s).

This constitutional construction of the statute and rule precludes a finding that the statute and rule are facially unconstitutional, and so fundamental error cannot be applied. *B.C.*, 864 So. 2d at 491. Thus, to the extent that OFR's application of the loan originator licensure statute, section 494.0011, is unconstitutional,[2] this would not constitute fundamental error. *Alexander*, 450 So. 2d at 1216; *see also Fitchner v. Lifesouth Cmty. Blood Ctrs., Inc.*, 88 So. 3d 269, 285 (Fla. 1st DCA 2012) (Schwartz, Senior Judge, dissenting), *review denied*, 108 So. 3d 655 (Fla. 2012) ("In common with all appellate contentions, a claim relating to unconstitutionality is waived unless it is timely and appropriately advanced and preserved below.").

Agreeing with OFR that collateral estoppel and/or *res judicata* are not applicable, and further finding no fundamental error, we must affirm the administrative order below.

*Affirmed.*

GROSS and GERBER, JJ., concur.

*  *  *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] We note that we have not determined that OFR's application of the loan originator licensure statute *was* done in an unconstitutional manner, inasmuch as Appellant had not received a pardon and, unlike the First District Court of Appeal, we are not constrained by *G.W. Liquors* to extend the *Sandlin* holding.