454 So.2d 571 (1984)
GROVE ISLE, LTD., Appellant,
v.
STATE of Florida DEPARTMENT OF ENVIRONMENTAL REGULATION, Appellee.
No. AO-354.
District Court of Appeal of Florida, First District.
March 22, 1984.
Rehearing Denied August 16, 1984.
*572 Kenneth G. Oertel, of Oertel & Hoffman, P.A., Tallahassee, and Larry Stewart, of Floyd, Pearson, Stewart, Richman, Greer & Weil, Miami, for appellant.
John C. Bottcher, Deputy Gen. Counsel; Bram D.E. Canter, Asst. Gen. Counsel, State Dept. of Environmental Regulation, Tallahassee, for appellee.
Parker D. Thomson, Douglas M. Halsey, and Laura Besvinick, and David A. Doheny, Miami, for amici curiae, Tropical Audubon Society, Bayshore Homeowners Ass'n, Coconut Grove Civic Club, Tigertail Ass'n and David A. Doheny.
SHIVERS, Judge.
Grove Isle appeals the final order issued by a hearing officer for the Division of Administrative Hearings (DOAH) upholding the validity of two rules of the Department of Environmental Regulation (DER). At issue is the validity of DER Rules 17-3.041 and 17-4.242, Fla. Admin. Code. These rules were applied by DER in denying Grove Isle's application for a permit to construct a concrete fixed pier marina in Biscayne Bay, a body of water designated as "Outstanding Florida Waters" by DER Rule. Rule 17-3.041, which is entitled "Special Protection, Outstanding Florida Waters," declares that DER policy is to afford the highest protection to waters designated "Outstanding Florida Waters." The rule also designates several classifications of "Outstanding Florida Waters." One such classification is designated as "Aquatic Preserves" and includes Biscayne Bay. Rule 17-4.242, which is entitled "Special Protection: Outstanding Florida Waters; Equitable Abatement" states that:
(1) Outstanding Florida Waters
(a) No department permit or water quality certification shall be issued for any stationary installation which significantly degrades, ... or is within Outstanding Florida Waters, unless the applicant affirmatively demonstrates that:
... .
2. The proposed activity or discharge is clearly in the public interest; and either,
... .

*573 b. The existing ambient water quality within Outstanding Florida Waters will not be lowered as a result of the proposed activity or discharge... .
(emphasis added)
It is a cornerstone of administrative law that administrative bodies or commissions, unless specifically created in the constitution, are creatures of statute and derive only the power specified therein. Florida Power & Light Co. v. Florida Public Service Commission, 8 FLW 116 (Fla., March 17, 1983); Fiat Motors of North America, Inc. v. Calvin, 356 So.2d 908 (Fla. 1st DCA), cert. denied, 360 So.2d 1247 (Fla. 1978); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (Fla. 1st DCA); cert. dismissed, 300 So.2d 900 (Fla. 1974). As such, administrative bodies have no inherent power to promulgate rules and must derive that power from a statutory base. Section 120.54(14), Fla. Stat. (1981). Grove Isle contends on appeal, as it did before the DOAH hearing officer, that the challenged rules are invalid because they were enacted without legislative authority.
Section 403.087, Florida Statutes (1981), provides specific statutory authority which allows DER to "adopt, amend, or repeal rules, regulations, and standards for the issuance, denial, and revocation of permits." Also, section 403.061(7), Florida Statutes (1981), provides DER with authority to "adopt, modify, and repeal rules and regulations to carry out the intent and purposes of this act." We think that the proper standard of review concerning rules promulgated pursuant to these sections, such as the rules sub judice, is set forth in General Telephone Co. of Florida v. Florida Public Service Commission, 446 So.2d 1063 (Fla. 1984). The rules should be sustained as long as they are reasonably related to the purposes of the enabling legislation, and are not arbitrary or capricious. Id. The party challenging the validity of an agency rule must show that the agency adopting the rule has exceeded its authority, that the requirements of the rule are not appropriate to the ends specified in the legislative act, and that the requirements contained in the rule are not reasonably related to the purpose of the enabling legislation but are arbitrary or capricious. Department of Administration, Division of Retirement v. Albanese, 445 So.2d 639 (Fla. 1st DCA 1984); Agrico Chemical Co. v. State, Department of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978), cert. denied, 376 So.2d 74 (Fla. 1979).
Grove Isle first contends that both Rules 17-3.041 and 17-4.242 are invalid because the designation of "Outstanding Florida Waters," as described in both rules, does not constitute a classification of water made "in accordance with the present and future most beneficial uses" as required by section 403.061(10). This contention is without merit. Although the title "Outstanding Florida Waters" is not as descriptive as to the present and future most beneficial uses of these waters as are other classifications of water bodies made by DER, we believe that the title along with the criteria set forth in Rule 7-4.242 amply demonstrate that the designation of "Outstanding Florida Waters" refers to environmentally sensitive waters which are to be given extremely restrictive uses. We find, therefore, that the classification "Outstanding Florida Waters," as used in Rules 17-3.041 and 17-4.242 does not conflict with the statutory requirements of section 403.061(10).
We agree, however, with Grove Isle's further contention that Rule 17-4.242 is an invalid exercise of delegated legislative authority insofar as it establishes a "public interest" requirement as a precondition to the issuance of a construction permit. In addition to imposing an affirmative duty on an applicant for a permit to demonstrate that the proposed activity will meet DER's water quality standards, Rule 17-4.242 also imposes a separate affirmative duty on the applicant to demonstrate that the "proposed activity or discharge is clearly in the public interest." Grove Isle, Ltd. v. Bayshore Homeowners' Association, 418 So.2d 1046 (Fla. 1st DCA 1982), rev. denied, 430 So.2d 451 (Fla. 1983). This "public interest" *574 requirement is not defined. No criteria are provided, in the rule or elsewhere, which would enable a permit applicant, DER, or a court to determine whether an applicant had satisfied this requirement. The "public interest" requirement is not tied to any particular form of air or water pollution, or even to pollution in general. In other words, the rule appears to allow DER to determine arbitrarily whether an applicant has proposed an activity which is "clearly in the public interest" based on DER's subjective and unwritten notions of what the "public interest" might be.
Section 403.087(2), Florida Statutes (1981), lays an affirmative duty upon DER to issue permits. Section 403.087, inter alia, states:
(3) The department shall issue permits on such conditions as are necessary to effect the intent and purposes of this section.

(4) The department shall issue permits to construct, operate, maintain, expand, or modify an installation which may reasonably be expected to be a source of pollution only when it determines that the installation is provided or equipped with pollution control facilities that will abate or prevent pollution to the degree that will comply with the standards or rules promulgated by the department, except as provided in s. 403.088, and which will comply with the prohibitions in s. 124.41 of Vol. 40 of the Code of Federal Regulations.
(emphasis added). By its terms, the statute would require DER to issue a permit if the applying installation can comply with the standards or rules promulgated by DER to abate or prevent pollution and can comply with the prohibitions in the Code of Federal Regulations. The only exception is provided in section 403.088.
In the instant case, the hearing officer seized upon section 403.088 as providing statutory authority for the "public interest" requirement of Rule 17-4.242. It is true that section 403.088(2)(b) contains language which authorizes the issuance of an operation permit if DER finds, inter alia, "circumstances which are clearly in the public interest." Section 403.088, however, concerns the issuance of operation permits to persons who are discharging waste into waters within the state. This statute cannot, therefore, provide statutory authority for a rule which concerns the issuance of construction permits for stationary installations which will not discharge waste into waters within the state.[1]
The only other section listed as statutory authority for the promulgation of Rule 17-4.242 which might arguably justify the adoption of a "public interest" requirement by rule is section 403.062, Florida Statutes (1981). This section states:
The department and its agents shall have general control and supervision over underground water, lakes, rivers, streams, canals, ditches, and coastal waters under the jurisdiction of the state insofar as their pollution may affect the public health or impair the interest of the public or persons lawfully using them.
(emphasis added). Clearly, this statute limits DER's consideration of the public interest to pollution. Rule 17-4.242 does not so limit DER's consideration of the public interest. In fact, the "public interest" requirement of the rule impliedly is broader than consideration of mere pollution, since the requirement is one in addition to a requirement that water pollution quality standards are met. Indeed, it affirmatively appears from the record that DER interprets the "public interest" requirement of Rule 17-4.242 to be broader than a consideration of the public interest merely in regard to pollution. When asked on deposition how the public interest is determined, for example, compared to Grove Isle, the Secretary of DER responded, "I think the participation of a public body is one issue; the benefit to the public as a larger group is another one. The larger the public is *575 that appears to be able to enjoy the benefits of the project involved, I think that tends to weigh." Since Rule 17-4.242 allows DER to consider the public interest in a broad sense not tied to pollution, section 403.062 cannot provide statutory authority for this aspect of the rule.
Appellee argues that this court upheld a similar "public interest" test, that of section 253.124, Florida Statutes, in Albrecht v. Department of Environmental Regulation, 353 So.2d 883 (Fla. 1st DCA), cert. denied, 359 So.2d 1210 (Fla. 1978). Albrecht, however, did not involve a question of whether a rule was authorized by statute. The statute involved in Albrecht clearly authorized DER to consider the public interest. The question in Albrecht was whether that statute was an unlawful delegation of legislative authority to the administrative agency. Further, the statute was upheld in Albrecht because section 253.124 contained criteria which constrained DER's interpretation of the public interest for purposes of that statute. As discussed supra, Rule 17-4.242 contains no such criteria and provides no constraint on DER's discretion in determining the public interest.
We find that DER, in adopting an undefined "public interest" requirement in Rule 17-4.242, has exceeded its statutory authority. A "public interest" requirement which is not related to the control of air or water pollution is not appropriate to the ends specified in the Florida Air and Water Pollution Control Act, is not reasonably related to the purpose of this enabling legislation, and is arbitrary. We therefore hold that Rule 17-4.242 is an invalid exercise of delegated legislative authority to the extent it requires an applicant to meet a "public interest" requirement prior to the issuance of a construction permit for a stationary installation not involving the discharge of waste into waters within the state. In light of this holding that no statutory basis exists for the "public interest" requirement of Rule 17-4.242, we find it unnecessary to address the constitutional issues raised by appellant concerning the operation of this rule.
WIGGINTON and BARFIELD, JJ., concur.

ON MOTION FOR REHEARING
SHIVERS, Judge.
Upon further consideration, after reviewing supplemental briefs and hearing oral argument, the motion for rehearing is DENIED.
WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] We express no opinion on the validity of Rule 17-4.242 as applied to the issuance of operation permits to persons who discharge waste into waters within the state pursuant to section 403.088, Florida Statutes (1981).