The Honorable Walter C. Heinrich Chairman Criminal Justice Standards and Training Commission Post Office Box 1489 Tallahassee, Florida 32302
Dear Sheriff Heinrich:
This is in response to your request for an opinion on substantially the following question:
 WHAT IS THE LEGAL EFFECT OF AN EXPUNCTION ORDER ON THE QUALIFICATIONS OF A LAW ENFORCEMENT OFFICER OR AN APPLICANT TO BE A CERTIFIED LAW ENFORCEMENT OFFICER UNDER s. 943.13, F.S.?
Section 943.13, F.S., setting forth the minimum qualifications for employment or appointment of law enforcement officers, in pertinent part, provides:
 On or after October 1, 1984, any person employed or appointed as an officer shall:
* * *
 (4) Not have been convicted of any felony or of a misdemeanor involving perjury or a false statement, or have received a dishonorable or undesirable discharge from any of the Armed Forces of the United States. Any person who, after July 1, 1981, pleads guilty or nolo contendere to or is found guilty of a felony or of a misdemeanor involving perjury or a false statement is not eligible for employment or appointment as an officer, notwithstanding suspension of sentence or withholding of adjudication.
See also, s. 943.13(7), F.S., requiring the person employed or appointed as an officer to have a good moral character as determined by a background investigation under procedures established by the commission.
Section 943.058, F.S., prescribes the procedures for the sealing and expunction of nonjudicial criminal history records. See, s.943.045(4), F.S., defining "criminal history information" as "information collected by criminal justice agencies [as defined in s. 943.045(10), F.S.] on persons, which information consists of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges and the disposition thereof." The statute recognizes that the courts of the state continue to have jurisdiction over their own procedures, including the keeping, sealing, expunction, or correction of judicial records containing criminal history information. Section 943.058(2), F.S. This subsection also provides that the courts have the authority to order the sealing or expunction of any other criminal history record provided:
 (a) The person who is the subject of the record has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation;
 (b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains;
 (c) The person who is the subject of the record has not secured a prior records expunction or sealing under this section, former s. 893.14, or former s. 901.33; and
 (d) Such record has been sealed under this section, former s. 893.14, or former s. 901.33 for at least 10 years; except that, this condition shall not apply in any instance in which an indictment or information was not filed against the person who is the subject of the record.
Subsection (3) of the statute provides further explanation of the court's authority to order the sealing or expunction of criminal justice records:
 Upon a finding that the criteria set out in paragraphs (2)(a)-(c) have been met, the records maintained by the department may be ordered sealed by any court of competent jurisdiction; and thereafter such records and other records sealed pursuant to this section, former s. 893.14, former s. 901.33, or similar laws, shall be nonpublic records, available only to the subject, his attorney, or to criminal justice agencies for their respective criminal justice purposes. An order sealing criminal history records pursuant to this subsection shall not be construed to require that the records be surrendered to the court, and such records shall continue to be maintained by the department.
The result of an expungement order rendered pursuant to the above provisions would be that all other criminal justice agencies would expunge their records but that the Department of Law Enforcement would maintain its records under seal.
Section 943.058(6)(b), F.S., establishes the legal effect of such an order of expunction:
 When all criminal history records, except for records retained under seal by the courts or the Department of Law Enforcement, have been expunged, the subject of such records may lawfully deny or fail to acknowledge the events covered by the expunged or sealed records, except in the following circumstances:
 1. When the person who is the subject of the record is a candidate for employment with a criminal justice agency;
 2. When the person who is the subject of the record is a defendant in a criminal prosecution;
 3. When the person who is the subject of the record subsequently petitions for relief under this section; or
 4. When the person who is the subject of the record is a candidate for admission to The Florida Bar.
 The courts or the Department of Law Enforcement may refer to and disseminate information contained in sealed records in any of these circumstances. Subject to the exceptions stated herein, no person as to whom an expunction or sealing has been accomplished shall be held thereafter under any provision of law of this state to be guilty of perjury or to be otherwise liable for giving a false statement by reason of such person's failure to recite or acknowledge expunged or sealed criminal history records.
Under this provision, a person may lawfully deny the events covered by the sealed records, but a candidate for employment with a criminal justice agency whose records have been sealed by the Department of Law Enforcement comes within the above exception and is required to acknowledge a criminal history. Thus an applicant for employment as a law enforcement officer who had criminal history records expunged except for records retained under seal by the department would be under a continuing obligation to acknowledge the events covered by the records and would be disqualified as a law enforcement officer under s. 943.13, F.S., if the conviction involved a felony or a misdemeanor involving perjury or a false statement.
In addition, the court has limited authority to order the expunction of all criminal history records, including those maintained by the Department of Law Enforcement, upon a specific finding of unusual circumstances. See, s. 943.058(3), F.S., which provides that "[n]otwithstanding subsection (2), criminal history records maintained by the Department of Law Enforcement may be ordered expunged only upon a specific finding by a circuit court of unusual circumstances requiring the exercise of the extraordinary equitable powers of the court." Thus, a court having made a specific finding that such unusual circumstances exist which require the exercise of the court's extraordinary powers, the court may order the Department of Law Enforcement to expunge its records. When all such criminal history records have been expunged, a candidate for employment with a criminal justice agency is under no legal obligation to acknowledge the existence of the record of arrest or the events covered by the expunged record pursuant to s. 943.058(6)(a), F.S. As this office concluded in AGO 84-85, "the expunction of records including those maintained by the Department of Law Enforcement and the courts, relieves a candidate for employment with a criminal justice agency from the legal obligation to acknowledge the events covered by an expunged record of arrest."
In your letter you question whether an applicant or certified law enforcement officer can be considered qualified under s.943.13(4), F.S., when an applicant or officer has a criminal record in contradiction to the requirements of that statute and not all criminal history records have been expunged as described in s. 943.058(6)(a), F.S. It is assumed for purposes of this opinion that such records have been retained under seal by the department, and therefore, the provisions of s. 943.058(6)(b), F.S., would be applicable. Under these circumstances if the conviction was a felony or a misdemeanor involving perjury or a false statement, the applicant or officer would not be qualified under s. 943.13, F.S., since he would not be relieved of his duty to acknowledge the events covered by the records and would not be entitled to the special status afforded by s. 943.058(6)(a), F.S.
Whether, however, an expunction order was entered in compliance with the requirements of s. 943.058, F.S., is a matter for judicial determination. Pursuant to s. 943.058(4), F.S., the state is made a party to proceedings under s. 943.058(2) and (3), F.S. See, s. 943.058(4), F.S., which provides in part that the "appropriate state attorney shall be served with the petition and shall respond after a review of the petitioner's entire multistate criminal history record." If the circuit court departs from the essential requirements of the statute, the state may appeal to the district court of appeal to have the circuit court's order reviewed. This determination and review of the expunction order, however, is not a function of the Department of Law Enforcement. It is axiomatic that an administrative agency, such as the Department of Law Enforcement, unless specifically created by the Constitution, is a creature of the Legislature and has no inherent powers, but is limited to the authority and powers granted to it by statute. Grove Isle, LTD., v. State Department of Environmental Regulation, 454 So.2d 571 (1 D.C.A.Fla. 1984); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A.Fla. 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974). If the court order is ambiguous or otherwise contains language that makes the intent of the court unclear, then the Department in carrying out its official duties and responsibilities should seek clarification of the court's order from the judge who issued the order. See, AGO 86-14 stating that it is not the province of the Attorney General's office to interpret or clarify seemingly ambiguous portions of judicial orders. Accord, AGO's 76-70 and 75-29.
I am therefore of the opinion that an applicant for employment with a criminal justice agency who has had his criminal history records expunged pursuant to the provisions of s. 943.058(2)(a)-(d), F.S., except for records retained under seal by the courts or the Department of Law Enforcement, may not lawfully deny or fail to acknowledge the events covered by the criminal history records and would be disqualified under s. 943.13(4), F.S., for employment as a law enforcement officer if the conviction was for a felony or a misdemeanor involving perjury or a false statement. When the circuit court, exercising its extraordinary equitable powers has made a specific finding of unusual circumstances and ordered the expunction of all criminal history records, including those maintained by the Department of Law Enforcement and the courts, an applicant for employment with a criminal justice agency is relieved of the legal obligation to acknowledge the events covered by the expunged record, and because the applicant has been restored, in the full and unreserved contemplation of the law, to his previous status, would not be disqualified to be a law enforcement officer under s. 943.13(4), F.S. Where the order of expungement is vague or ambiguous and the Department of Law Enforcement is unclear or uncertain as to its duties and responsibilities, the department may seek clarification of the order.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General