FERGUSON, Judge
(dissenting).
I agree with the appellant that it was denied a grant because of administrative arbitrariness. A reversal on just two of the three issues discussed in this dissent would change the outcome of the case.
First, the appellant claims that the Department of Community Affairs has promulgated and applied an administrative rule for ranking entitlement to a government grant which is inconsistent with and defeats the purpose of the enabling statute. Second, it is argued that a ruling by the hearing officer, that a former bank building owned by the appellants has no demonstrated value greater than the one-dollar consideration reflected on the warranty deed, is erroneous. Third, the finding that the corporation was not engaged in a job producing activity ignores the substantial competent evidence.
Section 290.036, Florida Statutes (1985), the enabling statute, establishes the criteria for competitive grading of proposals. Subsection (5) provides: “in evaluating proposals pursuant to this section, the secretary shall consider: (a) the relative degree of distress of the target area served by the community development corporation.” (Emphasis added.)
The Department’s scoring criteria for grants, codified as section 9B-14.009, Florida Administrative Code Annotated (1986), fails to consider the “relative degree of distress of the target area.” Instead the matter of area distress is considered only for the purpose of threshold eligibility pursuant to section 9B-14.0081. Therefore, under the Department’s rules, community development corporations serving only slightly distressed areas are entitled to the same number of points as a community development corporation serving a severely distressed area so long as the former are *388 not excluded by sheer number of applicants. Clearly the rule is not consistent with the plain statutory language that when awarding funds to eligible applicants the secretary must consider the relative degree of distress of the area to be served. The appellant argues that in this case it has been particularly harmed by the Departments’ failure to adhere to the statute because the appellant serves the largest and most distressed community in the area.
It is elementary in administrative law that a rule promulgated in furtherance of a statute must be consistent with the statute, DeThorne v. Beck, 280 So.2d 448 (Fla. 4th DCA 1973), and that any rule which fails the test for consistency is ineffective. Grove Isle, Ltd. v. Department of Environmental Regulation, 454 So.2d 571 (Fla. 1st DCA 1984). Sections 9B-14.0081 and 9B-14.009 constitute an impermissible amendment to the statute. See Florida Growers Coop Transport v. Department of Revenue, 273 So.2d 142 (Fla. 1st DCA), cert. denied, 279 So.2d 33 (Fla.1973).
The second point challenges a ruling which borders on the absurd. Appellant was awarded zero points out of a possible fifty points under the statutory criteria requiring the secretary to consider the “demonstrable capacity of the community development corporation to carry out the proposal.” The statutory requirements are administratively defined by section 9B-14.-009(6):
Applicants who can demonstrate direct financial participation in the acquisition, expansion or creation of a revenue generating, job producing activity within the past 3 years from the time of submittal of the application will be scored according to the total funds committed to that activity through donations, grants, loans or direct equity injunction. In order to be awarded venture leverage points, the CDC must certify that the venture activity is fully operational at the time of submittal. All commitments must be documented, binding and included in the grant application.
Claiming entitlement to the maximum points under this criteria, the appellant offered evidence of a building, formerly used as a banking facility, which it had acquired by gift and was leasing to tenants for $18,000 per year. As documentation of ownership the appellant produced a warranty deed which showed consideration of one dollar; as proof of a revenue generating venture appellant offered a lease showing that the building produced a revenue of $18,000 a year; as evidence of the value of the building the appellant produced news clippings showing that the appellee Department had accepted a $200,000 valuation of the building pursuant to its own Community Contributions Tax Credit Program. In other words, the Department of Community Affairs had previously approved the $200,000 valuation of the building and the valuation is a matter of the Department’s own records. The hearing officer, nevertheless, denied points on a finding that the building had a value of only $1.00. A $1.00 valuation is not supported by evidence which a reasonable person would accept as adequate to support a conclusion, De Groot v. Sheffield, 95 So.2d 912 (Fla.1957); the only reasonable and competent evidence in the record fixes the building’s value at $200,000. Furthermore, a recitation in the deed of the amount of consideration paid does not establish the property’s value. United States v. Certain Lands Located in Town of Highlands, 57 F.Supp. 96 (S.D.N.Y.1944).
Because the $18,000 per year lease was undated it too was rejected as evidence of an ongoing job producing venture. There was no basis for believing that the substantial named tenants were not occupying the premises and making payments according to the terms of the lease. The total denial of points for the venture was arbitrary and capricious.
We are obligated to grant relief from administrative actions as those described in this case. See Florida Motor Lines v. R.R. Comm’n, 101 Fla. 1018, 132 So. 851 (1931).
The case should be reversed and remanded for new proceedings.