Mr. Doug Jamerson Secretary, Florida Department of Labor and Employment Security The Hartman Building, Suite 303 2012 Capital Circle, Southeast Tallahassee, Florida 32399-2152
Dear Secretary Jamerson:
You ask substantially the following questions:
1. May the Department of Labor and Employment Security provide funding to the Florida Independent Living Council created pursuant to section 413.395, Florida Statutes, for the incorporation of the council as a not-for-profit corporation pursuant to Chapter 617, Florida Statutes?
2. If the Florida Independent Living Council incorporates, may the Department of Labor and Employment Security contract with the council to enable the council to carry out its statutory functions?
In sum:
1. The Legislature has not authorized the council to change its status to a not-for-profit corporation nor authorized the Department of Labor and Employment Security to provide funding for that purpose.
2. While the Department of Labor and Employment Security is generally authorized to contract with not-for-profit corporations in order to carry out the department's responsibilities, the determination of whether the department may provide funding to the council as a not-for-profit corporation to carry out the council's responsibilities will be dependent upon the future legislative authority of the council to incorporate.
As your questions are interrelated, they will be answered together.
Section 413.395, Florida Statutes, provides:
There is created the Florida Independent Living Council to assist the [Division of Vocational Rehabilitation] and the Division of Blind Services of the Department of Labor and Employment Security, as well as other state agencies and local planning and administrative entities assisted under Title VII of the act, in the expansion and development of statewide independent living policies, programs, and concepts and to recommend improvements for such programs and services. To ensure consistency with the provisions of the act, as amended, the Florida Independent Living Council shall function independently of the division and shall be assigned to the division for administrative purposes only.[1]
The Florida Independent Living Council (council) is responsible, among other things, for jointly developing and submitting, in conjunction with the Division of Vocational Rehabilitation of the Department of Labor and Employment Services (department), the state plan for independent living and for monitoring and evaluating the implementation of the state plan.[2]
Section 413.395(2), Florida Statutes, prescribes the composition of the council; council members are appointed by the Governor and serve for a term of 3 years. Members of the council are not compensated for their service but are to be reimbursed for per diem and travel as provided in s. 112.061, Florida Statutes, and for reasonable expenses for personal care attendants and interpreters needed by members during their attendance at council meetings.[3] Members may be removed from office by the Governor for malfeasance, misfeasance, neglect of duty, incompetence, or permanent inability to perform official duties or for pleading nolo contendere to, or being found guilty of, a crime.[4]
Thus, section 413.395, Florida Statutes, creates the council as a part of the executive branch of state government.[5] As a creature of statute, the council has no inherent authority but rather possesses only those powers that have been expressly granted by statute or are necessarily implied to carry out an expressly granted power.[6]
You have not directed this office's attention to any provision that would authorize the council to change its status to that of a not-for-profit corporation or for the department to expend state funds for that purpose.[7] In the absence of such legislation, I am of the opinion that the Legislature has not authorized the council to incorporate as a not-for-profit corporation or the department to provide funding for that purpose.
If, however, the Legislature were to authorize the reorganization of the council as a not-for-profit corporation, the relationship between the department and council, including funding by the department, would be governed by the terms of the legislation permitting such reorganization.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 413.395(1), Fla. Stat. (1995)
[2] Section 413.395(12), Fla. Stat. (1995).
[3] Section 413.273(1), Fla. Stat. (1995).
[4] Section 413.273(3), Fla. Stat. (1995). The statute also provides that malfeasance shall include, but is not limited to, a violation of any specific prohibition within Part II, Ch. 413, Fla. Stat. (1995).
[5] See generally, s. 20.03(7), Fla. Stat. (1995), defining "[c]ouncil" to mean "an advisory body created by specific statutory enactment and appointed to function on a continuing basis for the study of problems arising in a specified functional or program area of state government and to provide recommendations and policy alternatives."
[6] See generally, Lee v. Division of Florida Land Sales and Condominiums, 474 So.2d 282 (Fla. 5th DCA 1985) (an administrative agency has only such power as expressly or by necessary implication is granted by legislative enactment; it may not increase its own jurisdiction and, as a creature of statute, has no common law jurisdiction or inherent power); Grove Isle, Ltd. v. State Department of Environmental Regulation,454 So.2d 571 (Fla. 1st DCA 1984) (administrative bodies or commissions, unless specifically created in the Constitution, are creatures of statute and derive only the power specified therein). And see, State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628, 629 (Fla. 1st DCA 1974) (if there is a reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested).
[7] Compare, e.g., s. 155.40, Fla. Stat. (1995), which authorizes any county, district, or municipal hospital to reorganize as a not-for-profit corporation.