993 So.2d 1031 (2008)
David W. FELDER, Appellant,
v.
STATE of Florida, DEPARTMENT OF MANAGEMENT SERVICES, DIVISION OF RETIREMENT, Appellee.
No. 1D06-6411.
District Court of Appeal of Florida, First District.
February 11, 2008.
*1033 David W. Felder, pro se, Appellant.
Elizabeth Stevens, Assistant General Counsel, Department of Management Services, Tallahassee, for Appellee.
PER CURIAM.
We deny Appellant's motion for rehearing. On our own motion, however, we withdraw our previous opinion and substitute the following.
Appellant, David W. Felder, appeals the dismissal of his ten-count complaint against Appellee, the State of Florida, Department of Management Services, Division of Retirement (DOR). The trial court granted Appellee's motion to dismiss as to all ten counts on the grounds of res judicata, collateral estoppel, and administrative finality. We affirm the dismissal of counts one through nine without discussion. We reverse the dismissal of count ten and remand for further proceedings consistent with this opinion.
*1034 On June 6, 2003, the Division of Administrative Hearings (DOAH) conducted a disputed-fact hearing to determine whether Appellant was entitled to transfer service from the State University Optional Retirement Program (ORP) to the Florida Retirement System Pension Plan (FRS), on the basis of Appellant's allegation that, in 1984, he had been enrolled in ORP and removed from FRS without his consent. The ALJ found that Appellant had made a valid, irrevocable choice to participate in ORP in 1984. Accordingly, DOR entered a final order denying Appellant's request to transfer service from ORP to FRS. Appellant appealed DOR's final order, and this Court per curiam affirmed that order in case number 1D03-5493.
After losing his direct appeal of the administrative order, Appellant filed a complaint in circuit court, alleging ten causes of action. In count ten, Appellant purported to state a claim for negligence in connection with DOR's responsibility to monitor his retirement account. This claim centered on Appellant's allegations that his employer, Florida A & M University (FAMU), had wrongfully denied him retirement benefits during the academic years 1976-77, 1977-78, and 1979-80 and that he was unable to detect this wrongful denial because DOR had breached a duty to send him monthly statements regarding his retirement account.
Appellee filed a motion to dismiss, arguing that each of Appellant's ten counts was barred on the grounds of res judicata, collateral estoppel, and administrative finality. Appellee did not argue for dismissal on any other grounds. The trial court did not address Appellant's ten counts individually, but instead entered a general order granting Appellee's motion to dismiss on the grounds of res judicata, collateral estoppel, and administrative finality.
A motion to dismiss is designed to test the legal sufficiency of a complaint and not to determine any factual issues. The Fla. Bar v. Greene, 926 So.2d 1195, 1199 (Fla.2006). All allegations of the complaint must be taken as true and all reasonable inferences drawn therefrom must be construed in favor of the non-moving party. Greene, 926 So.2d at 1199; Susan Fixel, Inc., v. Rosenthal & Rosenthal, Inc. 842 So.2d 204, 206 (Fla. 3d DCA 2003). A trial court's ruling that relief is barred on the grounds of res judicata or collateral estoppel is reviewed de novo. Campbell v. State, 906 So.2d 293, 295 (Fla. 2d DCA 2004).
None of the cited doctrines was a proper basis for dismissal of Appellant's claim for negligence in connection with the monitoring of his retirement account. Under the doctrine of res judicata, a final judgment issued by a court of competent jurisdiction bars "a subsequent suit between the same parties based upon the same cause of action." Gordon v. Gordon, 59 So.2d 40, 44 (Fla.1952). The test for determining whether causes of action share an identity, such that the doctrine of res judicata is invoked, is whether the facts essential to the maintenance of both actions are the same. Id. When the doctrine applies, it bars from subsequent litigation all claims that were raised or could have been raised in the first cause of action. See id. The doctrine of collateral estoppel may be applied to bar subsequent causes of action even where the second claim requires proof of different essential facts than those required to be proved in the initial suit. This doctrine bars relitigation of an issue when the following five factors are met: "(1) an identical issue must have been presented in the prior proceeding; (2) the issue must have been a critical and necessary part of the prior determination; (3) there must have been a *1035 full and fair opportunity to litigate that issue; (4) the parties in the two proceedings must be identical; and (5) the issue[] must have been actually litigated." Goodman v. Aldrich & Ramsey Enterprises, Inc., 804 So.2d 544, 546-47 (Fla. 2d DCA 2002). Finally, the doctrine of administrative finality is based on principles similar to those supporting collateral estoppel and res judicata, except that its emphasis is on litigants' need to have confidence in the authority of an administrative order. See Peoples Gas System, Inc. v. Mason, 187 So.2d 335, 338-39 (Fla.1966).
Although the doctrine of res judicata applies to decisions rendered by an administrative body in its judicial capacity, Jet Air Freight v. Jet Air Freight Delivery, Inc., 264 So.2d 35, 40 (Fla. 3d DCA 1972), it does not apply to Appellant's claim of negligence, which sounds in tort. The ALJ could not have resolved this tort claim because there is no statutory authority for the assumption of such jurisdiction. See Grove Isle, Ltd. v. Dep't of Envtl. Regulation, 454 So.2d 571, 573 (Fla. 1st DCA 1984) ("[A]dministrative bodies ... are creatures of statute and derive only the power specified therein.").
Collateral estoppel was an improper basis for dismissal of count ten for a different reason. This claim cannot be disposed of by reference to DOR's finding that Appellant made a valid, irrevocable election to enter ORP and that he was not entitled to switch to FRS. Nothing in Appellant's complaint or Appellee's argument suggests that DOR's prior determination has any relationship whatsoever to Appellant's negligence claim, as it addresses acts and omissions that occurred prior to Appellant's choice to enroll in ORP. From Appellant's allegations, it is unclear how the ruling that Appellant was properly enrolled in ORP from 1984 to the present would affect Appellant's ability to recover for negligence resulting in the loss of benefits for years prior to 1984. Therefore, Appellant was not collaterally estopped from asserting this negligence claim.
The doctrine of administrative finality also does not justify the dismissal of count ten. In this context, the analysis of the doctrine of administrative finality overlaps with the collateral estoppel discussion. Essentially, because the administrative order did not address the dispositive issues presented in Appellant's claim for negligence in monitoring his retirement account, the administrative order cannot be considered final as to this claim.
Accordingly, we reverse the dismissal of count ten and remand for further proceedings consistent with this opinion. In all other respects, the trial court's order is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion. No further motions for rehearing will be entertained. The Clerk is directed to issue the mandate forthwith.
BARFIELD, DAVIS, and LEWIS, JJ., concur.