# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-13
Lower Tribunal No. 08-11527
_____

**Kevin Gaberlavage,**
Appellant,

vs.

**Miami-Dade County, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Mark J. Berkowitz (Ft. Lauderdale), for appellant.

R.A. Cuevas, Jr., Miami-Dade County Attorney, and William X. Candela, and Lee Kraftchick, Assistant County Attorneys, for appellee.

Richard E. Johnson for National Employment Lawyers Association, Florida Chapter (Tallahassee), as amicus curiae.

Before SHEPHERD, C.J., and SUAREZ and SALTER, JJ.

SALTER, J.

A former sergeant with the Miami-Dade Corrections and Rehabilitation Department ("Corrections Department"), Kevin Gaberlavage, appeals a final summary judgment dismissing his charge of gender discrimination under the Florida Civil Rights Act ("FCRA"), section 760.10, Florida Statutes (2006). We affirm.

I.      Facts and Procedural History

The discrimination charge was filed in 2008 after Gaberlavage had been discharged from employment by the Corrections Department for insubordination and incompetence in the transportation of a convicted police killer.[1] Gaberlavage contested the discharge administratively under the County's civil service rules. Evidence was taken in five days of hearings between October 2006 and January 2007, and in February 2007 the hearing examiner issued a report and recommendation upholding the discharge.

The following month, the County Manager approved the hearing examiner's recommended order. Gaberlavage appealed that decision to the appellate division of the Miami-Dade circuit court on April 20, 2007, which affirmed in a unanimous, three-judge per curiam opinion on February 1, 2008. While that appeal was

_____

[1] The high-security inmate was being transported to a medical facility. The inmate did not escape, but the administrative hearing examiner found that the inmate grabbed Gaberlavage's service firearm and, but for the intervention of another officer, might well have killed both of them. The hearing examiner also found that Gaberlavage retreated and stood by while the other officer fought for control of the gun and subdued the inmate over the course of several minutes.

2

pending, however, Gaberlavage filed a charge with the Florida Commission on Human Relations and the federal Equal Employment Opportunity Commission alleging that "similarly situated employees," namely two female sergeants in the Corrections Department, received suspensions rather than termination of employment when inmates under their control escaped. One month after the unanimous circuit court opinion affirming the termination of Gaberlavages's employment, he filed a circuit court complaint alleging that the two similarly situated female sergeants with the Corrections Department had received only ten-day suspensions in separate incidents in 2005 and 2006 in which inmates escaped from County detention facilities.

During the administrative case in 2006, Gaberlavage's attorney had cross-examined a Corrections Department witness regarding one of those female sergeants and incidents. The witness explained the basis for a ten-day suspension rather than a termination of employment relating to that incident. The facts relating to that allegation of disparate treatment on grounds of gender were thus known to Gaberlavage and were raised during the administrative termination case.[2] After the adverse ruling by the hearing examiner, the approval of that decision by the County Manager, and the filing of his appeal to the circuit court, Gaberlavage

---

[2] Under the cases discussed below, it is not necessary that the claims or defenses actually have been raised; the dispositive questions are (1) whether the claims or defenses could have been raised, and (2) whether they are intertwined with the challenge to the discharge and punishment.

3

filed his employment discrimination lawsuit. The Corrections Department moved for summary judgment, which was granted. This appeal followed.

II.    Analysis

Our review is de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126 (Fla. 2000). The administrative termination of employment proceeding was conducted under Miami-Dade Code of Ordinances section 2-47. The hearing examiner was assigned from a list supplied by the American Arbitration Association, and such hearings are to be "conducted insofar as is practicable in accordance with the rules of civil procedure governing the procedure in the Circuit Court," with exceptions that are not pertinent here. Id.

Florida Rule of Civil Procedure 1.140(b)(1) specifies that "[a] party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2). Gaberlavage did not raise "disparate treatment based on gender" as a defense or affirmative defense in any motion or pleading in his administrative case, even though any such defense related to the level of discipline imposed by the Corrections Department. Although his attorney cross-examined regarding an incident of supposedly-disparate treatment, Gaberlavage did not explicitly ask the hearing examiner to determine that the discipline in his case was excessive in comparison to the

4

discipline imposed in the case of the two female sergeants in the Corrections Department.

A later determination by a different factfinder that the sanction of termination was unduly harsh, constituting unlawful discrimination on the basis of gender, would be squarely inconsistent with the rulings by the first factfinder and the appellate division of the circuit court. That is why the doctrine of res judicata "bars relitigation in a subsequent cause of action not only of claims raised, but also claims that could have been raised." Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 107 (Fla. 2001).

As the general magistrate concluded upon consideration of the Corrections Department's motion for summary judgment in the FCRA case, Webber v. Mills, 595 F. Supp. 514, 515 (S.D. Fla. 1984), is persuasive:

> The prior judgment is conclusive not only with respect to every matter which was actually offered and received to sustain the demand or to make out a defense, but also as to every ground of recovery or defense which might have been presented. This application of the doctrine of res judicata operates to prevent the splitting of a single cause of action and the use of several grounds for recovery under the same action as the basis for separate suits.

Similarly, in Abner v. Illinois Department of Transportation, 674 F.3d 716 (7th Cir. 2012), a former state employee who had been terminated for disruptive conduct disputed the discharge in administrative proceedings. Upon a finding of just cause for the termination of employment, and following review by a state

5

court, the employee filed a racial discrimination claim. The United States District Court for the Northern District of Illinois dismissed the later-filed claim based on res judicata, and the United States Court of Appeals, Seventh Circuit, affirmed the dismissal. The central issue in both cases was whether the state employer had just cause to discharge the employee.

In the case before us, Gaberlavage and his counsel apparently decided not to raise the state FCRA discrimination claim until after the adverse administrative result was reached and under judicial review. Gaberlavage's FCRA complaint in the circuit court was filed after the circuit court appellate division had affirmed the adverse employment action. The trial court properly rejected the employee's attempt to re-litigate the propriety of the discharge and sanction for Gaberlavage's misconduct.

Affirmed

Kevin Gaberlavage v. Miami-Dade County, etc.
Case No. 3D12-13

SHEPHERD, C.J., concurring specially

I concur in the affirmance of this case. I write only to clarify, as appears to be implicit in the majority opinion, that a cause of action exists for gender discrimination separate and apart from an administrative challenge to a dismissal under the Miami-Dade County Civil Service Code, but that on the facts of this case, Gaberlavage is barred from pursuing such a claim.

Gaberlavage's administrative challenge to his termination was initiated pursuant to the Part III, Chapter 2, Article IV, Division 2 of the Miami-Dade County Code entitled "Civil Service for County Employees." Ordered by the Florida legislature in 1955 in all counties with a population greater than 450,000 at the time, see Ch. 30255, Laws of Fla. (1955), the civil service portion of the Miami-Dade County Code exists for the protection of members of the "classified service" of Miami-Dade County.[3] The purpose of the Code is to "[maintain] a merit system of personnel administration for the County . . . based on merit principles . . . governing the selection, promotion, transfer, lay-off, removal, discipline, and welfare of the employees of the County, and other incidents of

_____

[3] The "classified [civil] service" of Miami-Dade County is comprised of all full-time positions in the County service existing on January 1, 1956, or thereafter established, except for twenty-eight county positions and employees excluded from the classified service, including, by way of example, the mayor, county commissioners, members of boards and commissions appointed by them, the county attorney and assistant county attorneys, senior managers, and personal staff to all of them. Miami-Dade Cnty., Fla., Code, § 2-41 (2006).

employment." Miami-Dade Cnty., Fla., Code, § 2-40 (2006). Section 2-47 sets forth the method by which a protected employee can appeal a suspension, reduction in grade or dismissal of his County employment. It reads in relevant part:

> **Sec. 2-47. – Suspension, dismissal, reduction in grade and appeals.**
>
> Any employee may be suspended or reduced in grade or dismissed by the head of his department or designee . . . for any cause which will promote the efficiency of the service. . . . A written statement of the reasons for **the action** shall be furnished to every permanent employee suspended, reduced in grade, or dismissed. . . . Any employee who has completed the probationary period may appeal **the action** to a hearing examiner within fourteen (14) days by requesting the same in writing of the Personnel Director. Such hearing examiner shall be assigned by the Personnel Director from [a list] . . . .
>
> . . . .
>
> The hearing examiner shall conduct a hearing after notice **upon the charges** and shall transmit his findings of facts, conclusions, and any recommendations together with a transcript of all evidence taken before him and all exhibits received by him, to the [County] Manager who may sustain, reverse or modify the suspension, reduction in grade, or the dismissal.

Although there exists some federal case law to the contrary, <u>see, e.g.</u>, <u>Palmer v. Miami-Dade Cnty.</u>, No. 10-23478-Civ., 2011 WL 1560113 (S.D. Fla. Apr. 25, 2011) (holding that a Title VII discrimination claim may be brought in a section 2-47 proceeding), I believe a better reading of the Code and section 2-47 compels the conclusion that an **affirmative** claim for gender discrimination cannot be

8

maintained in such a proceeding.  To the contrary, section 2-47 appears, by its terms, to be singularly focused on **"the action"** of the employer and a hearing to be held **"upon the charges"** brought by the employer.  Moreover, under Florida law, "administrative bodies . . . are creatures of statute and derive only the power specified therein."  See Felder v. Florida Dep't of Mgt. Servs., 993 So. 2d 1032, 1035 (Fla. 1st 2008) (quoting Grove Isle, Ltd. v. Dep't of Envtl. Regulation, 454 So. 2d 571, 573 (Fla. 1st DCA 1984)).  I see no authorization in section 2-47 for an expansive interpretation of the provision.  The fact that the Miami-Dade County Civil Service Code, including section 2-47, was envisaged and adopted more than fifty years ago, when employee protection laws were the exception rather than the rule,[4] supports this view.  Finally, of course, even if a gender discrimination claim were to be permitted in an administrative proceeding, the primary remedies usually sought in such a claim–compensatory damages, punitive damages and attorneys' fees–would not be awardable.  Broward Cnty. v. LaRosa, 484 So. 2d 1374 (Fla. 4th

---

[4] The first of the modern era civil rights acts, The Civil Rights Act of 1957, was enacted on September 9, 1957.  See Pub. L. No. 85-315, 71 Stat. 634 (1957).  Primarily a voting rights law, it was the first civil rights legislation passed by the Congress of the United States since 1875.  See 18 Stat. 335–337.  The Florida Civil Rights Act became law on July 1, 1992. See Ch. 92-177, Laws of Fla.  The Miami-Dade County Civil Service Code exists today in substantially the same form as it did when initially promulgated and approved by the Miami-Dade County Board of County Commissioners pursuant to Chapter 30255, including the requirement that "A written statement of the reasons for **the action** shall be furnished to every employee suspended, reduced in grade or dismissed." Miami-Dade Cnty., Fla., Code, § 13 (1957).

DCA 1986). I doubt that, under these conditions, even the most ardent proponent of the doctrine of res judicata would be heard to maintain that Gaberlavage's presently filed gender discrimination action is barred because he did not join it in the administrative proceeding.

On the other hand, as the majority accurately points out, it appears from the record that Gaberlavage knew about and could have asserted gender discrimination as a **defense** to his dismissal, claiming, however improbably, that gender discrimination was the true reason for his dismissal or, perhaps, that the disciplinary penalty adjudged against him should be similar to that of his allegedly similarly situated, now former, female colleagues. However, he did not pursue that defense, or perhaps thought so little of it that he only half-heartedly pursued it. It is here that Gaberlavage's desire to separately prosecute a gender discrimination action against Miami-Dade County flounders. Where a party to a quasi-judicial administrative proceeding raises or could have raised a claim or defense in the proceeding, the doctrine of administrative finality bars re-litigation of the issue. Felder, 993 So. 2d at 1034-1035. The doctrine is akin to the doctrines of collateral estoppel and res judicata, "except that the emphasis is on the litigant's need to have confidence in the authority of [the] administrative order." Id., (citing Grove Isle, Ltd. v. Dep't of Envtl. Regulation, 454 So. 2d 571, 573 (Fla. 1st DCA 1984)); see also Delray Med. Ctr., Inc. v. State, Agency for Health Care Admin., 5 So. 3d 26,

10

29 (Fla. 4th DCA 2009) ("Florida courts do not apply the doctrine of administrative finality when there has been a significant change of circumstances or there is a demonstrated public interest"). Because Gaberlavage could have raised gender discrimination as a defense in the administrative proceeding, with whatever collateral consequences it may have brought to either of the parties, he is barred from affirmatively asserting his gender discrimination claim in the present case.

For these reasons, I concur in the majority opinion.