SHEPHERD, C.J.,
concurring specially.
I concur in the affirmance of this case. I write only to clarify, as appears to be implicit in the majority opinion, that a cause of action exists for gender discrimination separate and apart from an administrative challenge to a dismissal under the Miami-Dade County Civil Service Code, but that on the facts of this case, Gaberla-vage is barred from pursuing such a claim.
Gaberlavage’s administrative challenge to his termination was initiated pursuant to the Part III, Chapter 2, Article IV, Division 2 of the Miami-Dade County Code entitled “Civil Service for County Employees.” Ordered by the Florida legislature in 1955 in all counties with a population greater than 450,000 at the time, see Ch. 30255, Laws of Fla. (1955), the civil service portion of the Miami-Dade County Code exists for the protection of members of the “classified service” of Miami-Dade County.[3] The purpose of the Code is to “[maintain] a merit system of personnel administration for the County ... based on merit principles ... governing the selection, promotion, transfer, lay-off, removal, discipline, and welfare of the employees of the County, and other incidents of employment.” Miami-Dade Cnty., Fla., Code, § 2-40 (2006). Section 2-47 sets forth the method by which a protected employee can appeal a suspension, reduction in grade or dismissal of his County employment. It reads in relevant part:
Sec. 2-47. — Suspension, dismissal, reduction in grade and appeals.
Any employee may be suspended or reduced in grade or dismissed by the head of his department or designee ... for any cause which will promote the efficiency of the service.... A written statement of the reasons for the action shall be furnished to every permanent employee suspended, reduced in grade, or dismissed.... Any employee who has completed the probationary period may appeal the action to a hearing examiner within fourteen (14) days by requesting the same in writing of the Personnel Director. Such hearing examiner shall be assigned by the Personnel Director from [a list]....
[[Image here]]
The hearing examiner shall conduct a hearing after notice upon the charges and shall transmit his findings of facts, conclusions, and any recommendations together with a transcript of all evidence taken before him and all exhibits received by him, to the [County] Manager who may sustain, reverse or modify the suspension, reduction in grade, or the dismissal.
Although there exists some federal case law to the contrary, see, e.g., Palmer v. Miami-Dade Cnty., No. 10-28478-Civ., 2011 WL 1560118 (S.D.Fla. Apr. 25, 2011) (holding that a Title VII discrimination claim may be brought in a section 2-47 proceeding), I believe a better reading of the Code and section 2-47 compels the conclusion that an affirmative claim for gender discrimination cannot be maintained in such a proceeding. To the con *481 trary, section 2-47 appears, by its terms, to be singularly focused on “the action” of the employer and a hearing to be held “upon the charges” brought by the employer. Moreover, under Florida law, “administrative bodies ... are creatures of statute and derive only the power specified therein.” See Felder v. Florida Dep’t of Mgt. Servs., 993 So.2d 1031, 1035 (Fla. 1st 2008) (quoting Grove Isle, Ltd. v. Dep’t of Envtl. Regulation, 454 So.2d 571, 573 (Fla. 1st DCA 1984)). I see no authorization in section 2-47 for an expansive interpretation of the provision. The fact that the Miami-Dade County Civil Service Code, including section 2-47, was envisaged and adopted more than fifty years ago, when employee protection laws were the exception rather than the rule,[4] supports this view. Finally, of course, even if a gender discrimination claim were to be permitted in an administrative proceeding, the primary remedies usually sought in such a claim — compensatory damages, punitive damages and attorneys’ fees — would not be awardable. Broward Cnty. v. LaRosa, 484 So.2d 1374 (Fla. 4th DCA 1986). I doubt that, under these conditions, even the most ardent proponent of the doctrine of res judicata would be heard to maintain that Gaberlavage’s presently filed gender discrimination action is barred because he did not join it in the administrative proceeding.
On the other hand, as the majority accurately points out, it appears from the record that Gaberlavage knew about and could have asserted gender discrimination as a defense to his dismissal, claiming, however improbably, that gender discrimination was the true reason for his dismissal or, perhaps, that the disciplinary penalty adjudged against him should be similar to that of his allegedly similarly situated, now former, female colleagues. However, he did not pursue that defense, or perhaps thought so little of it that he only halfheartedly pursued it. It is here that Ga-berlavage’s desire to separately prosecute a gender discrimination action against Miami-Dade County flounders. Where a party to a quasi-judicial administrative proceeding raises or could have raised a claim or defense in the proceeding, the doctrine of administrative finality bars re-litigation of the issue. Felder, 993 So.2d at 1034-1035. The doctrine is akin to the doctrines of collateral estoppel and res ju-dicata, “except that the emphasis is on the litigant’s need to have confidence in the authority of [the] administrative order.” Id., (citing Grove Isle, Ltd. v. Dep’t of Envtl. Regulation, 454 So.2d 571, 573 (Fla. 1st DCA 1984)); see also Delray Med. Ctr., Inc. v. State, Agency for Health Care Admin., 5 So.3d 26, 29 (Fla. 4th DCA 2009) (“Florida courts do not apply the doctrine of administrative finality when there has been a significant change of circumstances or there is a demonstrated public interest”). Because Gaberlavage could have raised gender discrimination as a defense in the administrative proceeding, with whatever collateral consequences it may have brought to either of the parties, he is *482 barred from affirmatively asserting his gender discrimination claim in the present case.
For these reasons, I concur in the majority opinion.

. The "classified [civil] service” of Miami-Dade County is comprised of all full-time positions in the County service existing on January 1, 1956, or thereafter established, except for twenty-eight county positions and employees excluded from the classified service, including, by way of example, the mayor, county commissioners, members of boards and commissions appointed by them, the county attorney and assistant county attorneys, senior managers, and personal staff to all of them. Miami-Dade Cnty., Fla., Code, § 2-41 (2006).

. The first of the modern era civil rights acts, The Civil Rights Act of 1957, was enacted on September 9, 1957. See Pub. L. No. 85-315, 71 Stat. 634 (1957). Primarily a voting rights law, it was the first civil rights legislation passed by the Congress of the United States since 1875. See 18 Stat. 335-337. The Florida Civil Rights Act became law on July 1, 1992. See Ch. 92-177, Laws of Fla. The Miami-Dade County Civil Service Code exists today in substantially the same form as it did when initially promulgated and approved by the Miami-Dade County Board of County Commissioners pursuant to Chapter 30255, including the requirement that "A written statement of the reasons for the action shall be furnished to every employee suspended, reduced in grade or dismissed.” Miami-Dade Cnty., Fla., Code, § 13 (1957).