[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12212
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00237-SPC-CM


ALEXANDER L. KAPLAN,

                                        Plaintiff - Appellant,

                    versus

LEON KAPLAN,

                                        Defendant - Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(August 4, 2015)



Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Alexander L. Kaplan (Alexander), an attorney proceeding *pro se*, appeals the district court's dismissal of his case based on *res judicata*. Upon review, we affirm.

## I. BACKGROUND

On July 28, 2006, Alexander's father, Mack Kaplan (Mack), passed away. Mack's brother, Leon Kaplan (Leon), was appointed the sole personal representative of Mack's estate.

### 1. The Federal Action

While Mack's estate was being administered, Alexander filed the underlying federal action against Leon for acts arising out of Leon's duties as personal representative of Mack's estate. Alexander's complaint alleged Leon (1) breached fiduciary duties by settling Mack's wrongful death action for an unreasonably low amount (Count 1); (2) violated Florida's Prudent Investor Rule, Fla. Stat. § 518.11, by failing to mitigate the estate's losses during economic downturns (Count 2); (3) negligently retained inexperienced counsel to represent Mack's estate in the above-mentioned wrongful death action (Count 3); and (4) breached fiduciary duties in regards to "other estate matters," such as failing to timely pay a pharmacy bill, and failing to timely pay a funeral expense (Count 4).

## 2. *The Florida Probate Action*

Before the district court dismissed Alexander's complaint, the following events occurred in the Florida probate court. Leon filed and served Alexander with the estate's final accounting and a petition for discharge in the probate court pursuant to Florida Rule of Probate 5.400 ("A personal representative who has completed administration except for distribution shall file a final accounting and a petition for discharge including a plan of distribution."). The final accounting disclosed all of the estate's investments and expenses at issue in Counts 2 and 4. Although Alexander filed a formal objection to the accounting, he did not raise any of the claims he raises in this lawsuit. The Florida probate court ultimately overruled Alexander's objection and approved Leon's accounting. Alexander did not appeal that decision. The Florida probate court subsequently granted Leon's petition for discharge, which Alexander also did not appeal.

Additionally, during the administration of the estate, the Florida probate court approved a settlement of the wrongful death lawsuit at issue in Counts 1 and 3.

## II. DISCUSSION

The district court did not err in dismissing Alexander's suit on *res judicata* grounds. When determining the *res judicata* effect of a state court judgment, we apply the *res judicata* principles of the state whose decision will preclude the

3

subsequent action—in this case, Florida. *See Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2009). In Florida, "res judicata applies where there is: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality [or capacity] of the persons for or against whom the claim is made; and (5) the original claim was disposed on the merits." *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1074 (11th Cir. 2013) (quotation and citation omitted) (alteration in original). On appeal, Alexander disputes only whether the district court correctly held that both proceedings involved (a) identity of parties and (b) identity of causes of action.

## A. Identity of Parties

For *res judicata* to apply, Florida law requires an identity of parties in both proceedings. *See Lozman*, 713 F.3d at 1074. Alexander contends there is not an identity of parties between this action and the Florida probate proceeding because the Florida probate proceeding was against Leon as personal representative of Mack's estate, whereas this federal action is against Leon personally. In support of this argument, Alexander contends the Florida probate court did not even have *in personam* jurisdiction over Leon personally because Leon is a citizen of Arizona, not Florida.

We disagree. There is no evidence that Leon appeared in the probate court solely as the personal representative of the estate. Rather, by petitioning for and

4

obtaining appointment as personal representative, Leon submitted himself to the probate court's jurisdiction for all purposes. *See, e.g.*, *Payette v. Clark*, 559 So. 2d 630, 634 (Fla. Dist. Ct. App. 1990) ("At the inception of the probate proceedings the appellee . . ., by obtaining appointment as personal representative, submitted himself to the jurisdiction of the court for all purposes . . . ."). We therefore conclude there is an identity of parties in both proceedings.

B. *Identity of Causes of Action*

Florida's *res judicata* doctrine also requires "identity of the cause of action." *See Lozman*, 193 F.3d at 1238. Florida law defines "identity of causes of action" as actions "sharing similarity of facts essential to both actions." *See Saboff v. St. John's River Water Mgmt. Dist.*, 200 F.3d 1356, 1360 (11th Cir. 2000); *Lozman*, 713 F.3d at 1074-75 ("Identity of the cause of action is a question of whether the facts or evidence necessary to maintain the suit are the same in both actions." (quotation and citation omitted)). Importantly, the "identity of cause of action" test is satisfied not only when the claims in the new suit "were raised" in the prior suit, but also when the claims "could have been raised." *Felder v. State, Dep't of Mgmt. Servs., Div. of Ret.*, 993 So. 2d 1031, 1034 (Fla. Dist. Ct. App. 2008); *Fla. Dep't Transp. v. Juliano,* 801 So.2d 101, 107 (Fla. 2001) ("[R]es judicata bars relitigation in a subsequent cause of action not only of claims raised, but also claims that could have been raised.").

5

Alexander contends there is no identity of causes of action for *res judicata* purposes because the breaches of fiduciary duty and other improper acts at issue in this federal action occurred after the probate proceeding commenced in 2006. As such, these claims could not have been raised in the probate proceeding.

We disagree. Alexander could have raised Counts 2 and 4 in the probate court. *See Felder*, 993 So. 2d at 1034; *Juliano*, 801 So. 2d at 107. As the district court found, Leon fully disclosed to the probate court the disposition of estate assets and expenses in a final accounting, including the actions of which Alexander complains in Counts 2 and 4. Pursuant to Florida law, Alexander had an opportunity to object to that accounting and assert the claims he raises here. *See* Fla. Probate R. 5.401(a) ("An interested person may object to the petition for discharge or final accounting within 30 days . . . ."); Fla. Stat. § 733.619 ("Issues of liability as between the estate and the personal representative individually may be determined in a proceeding for accounting . . . ."). Despite this opportunity, Alexander chose not to raise these claims. As a result, the probate court entered a final order of discharge, releasing Leon from liability for the alleged violations in Counts 2 and 4. *See* Fla. Stat. § 733.901(2) ("The discharge of the personal representative shall release the personal representative and shall bar any action against the personal representative, as such *or individually*, and the surety."

6

(emphasis added)). Therefore, the district court did not err in holding Counts 2 and 4 could have been raised in the probate court and cannot be raised now.

Likewise, Counts 1 and 3 involved causes of action that were raised or could have been raised in the probate court. *See Felder*, 993 So. 2d at 1034; *Juliano*, 801 So. 2d at 107. Both counts relate to Leon's settlement of a wrongful death action. The probate court, however, approved Leon's settlement, and in doing so relieved Leon of all liability related to that settlement. *See* Fla. Stat. § 733.708 ("When a proposal is made to compromise any claim, whether in suit or not, by or against the estate of a decedent or to compromise any question concerning the distribution of a decedent's estate, the court may enter an order authorizing the compromise if satisfied that the compromise will be for the best interest of the interested persons. *The order shall relieve the personal representative of liability or responsibility for the compromise*." (emphasis added)). To the extent Count 3 seeks to hold Leon personally liable for negligently relying on his counsel's advice in settling the wrongful death action, Alexander could have raised this issue in an objection to the final accounting. Accordingly, the district court did not err in concluding Counts 1 and 3 were, or could have been, resolved by the probate court.

## III. CONCLUSION

For the foregoing reasons, the district court did not err in concluding Alexander's suit against Leon is precluded by *res judicata*.

7

**AFFIRMED**.